## T. J. SIMMONS, ADMINISTRATOR, V. A. H. TERRELL ET AL.
### No. 6527.

1. **Claims Against Estates—Jurisdiction.**—When a claim against an estate is for an amount within the jurisdiction of the District Court, and suit is brought for the full amount thereof, the jurisdiction of the District Court is not affected by the fact that the administrator had previously allowed all the claim except an amount less than five hundred dollars.

2. **Attorney Fees.**—When a promissory note contains a stipulation that ten per cent attorney fees additional to the principal debt in case of suit after maturity to enforce collection shall be paid, the collection of such fees may be enforced if by the default of the debtor the services of an attorney are made necessary, who applies to a court having jurisdiction of the subject matter to enforce collection. If the note be allowed as to principal and interest only when presented after default by an attorney retained to collect it, and the claim to attorney fees be rejected by the administrator of the debtor's estate, and suit be brought in the District Court to recover the entire amount, the ten per cent attorney fees on the full amount may be recovered by the creditor.

APPEAL from Robertson.   Tried below before Hon. John N. Henderson.

E. D. Prendergast, on October 24, 1885, borrowed from appellee Mrs. A. H. Terrell $2000, for which he executed his note with interest at 12 per cent per annum from date, due twelve months after date. The note specified also that in case of suit after maturity to enforce collection 10 per cent attorney fees additional; and at the same time Prendergast executed to S. A. Posey a deed of trust on certain lands described in the petition to secure the payment of said note. On October 12, 1886, Prendergast paid $240 on said note. On November 6, 1886, Prendergast died, and at December Term, 1886, appellant qualified as administrator of his estate. On November 1, 1887, S. A. Posey, as agent of Mrs. A. H. Terrell, presented said note properly authenticated to appellant for his allowance, and on November 7, 1887, appellant, by memorandum in writing endorsed thereon, allowed the principal and interest due on the note, but

disallowed claim for attorney fee. Appellee within the time required by law, to-wit, on December 19, 1887, filed this suit in the District Court of Robertson County against appellant to recover principal and interest of the note, and also to recover attorney fees of 10 per cent, as therein stipulated.

Appellant filed plea to the jurisdiction of the court, that the court did not have jurisdiction of the amount really in controversy; also special exceptions to petition and answer, claiming that he had allowed the principal and interest due on the note, and had disallowed the claim for attorney fees because the same was not a just claim against said estate, no suit having been brought to enforce collection, and that this suit was brought to recover attorney fees alone; praying judgment in his behalf and for costs, and that the case be dismissed, etc.

Trial before the court without a jury on January 6, 1888; plea to jurisdiction and special exceptions overruled by the court, to which appellant excepted; judgment rendered by the court same day for appellee for $2288 principal and interest due on said note, and also for $228.80 attorney fees; total $2516.80.

*Simmons & Crawford,* for appellant. — 1. The court erred in not sustaining defendant's plea to the jurisdiction of the court, because the amount in controversy was less than $500, and the District Court had no jurisdiction to try the case.

2. The court erred in not sustaining defendant's demurrer and special exception to plaintiff's petition, for the reason that defendant had, as administrator of the estate of H. D. Prendergast, allowed the claim presented by plaintiff, except that part of same claimed as attorney fees, which was disallowed, no suit having been brought after maturity and before the death of Prendergast, and no suit could be brought after the death of Prendergast. Rev. Stats, arts. 2023, 2036.

3. The court erred in its findings of law, that the going into the Probate Court for the collection of the claim, by procuring the allowance by the administrator and approval by the county judge, was such a suit as was contemplated by the parties, because having the claim allowed by administrator and approved by probate judge is not a suit so as to entitle plaintiff to recover attorney fees. Bouv. Law Dic., "Suit." Probate proceedings are not civil actions. Estate of Scott, 15 Cal., 220; 1 Chit. Plead., 399; Wood's Civ. Law, 41, 315; 4 Watts (Pa.), 154; Didier v. Davison, 10 Paige, 516, 517; Estate of Scott, 15 Cal., 220.

4. The court erred in rendering judgment for plaintiff because the principal and interest due plaintiff on said note had been allowed by the administrator, and claim for attorney fees could not be allowed because no suit had been brought after the maturity of said note and before the death of Prendergast. The attorney fees must be earned according to the con-

tract—that is, by suit.    Smith v. Brownson & Co., 53 Texas, 271; Miner v. Paris Ex. Bank, 53 Texas, 561; Stansell & Younger v. Cleveland, 64 Texas, 660; Carr v. King & Fordtran, 2 Ct. App. C. C., sec. 557; Chowning v. Chowning, 3 Ct. App. C. C., 150.

*S. A. Posey,* for appellees. — 1. The court did not err in overruling defendant's plea to the jurisdiction of the court.    Rev. Stats., art. 2030.

2.    The court did not err in overruling defendant's demurrer and special exceptions to plaintiff's petition.    Rev. Stats., art. 2028.

3.    The court did not err in finding that collecting a claim against an estate through the Probate Court was a suit.    Rev. Stats., arts. 2015, 2025-27, 2031; Graham v. Vinings, 1 Texas, 669; Thompson v. Branch, 35 Texas, 321; Williams v. Robinson, 63 Texas, 576; Swan v. House, 50 Texas, 650; Moore v. Moore, 59 Texas, 54, and many other Texas cases.

"A suit is the prosecution of some demand in a court of justice."    6 Wheat., 406.

"The County Courts shall have the general jurisdiction of a Probate Court."    Const., art. 5, sec. 16.

HOBBY, JUDGE.—The suit was on the note for $2000, with 12 per cent interest and 10 per cent attorney fees, less a payment of $240 interest.    This note, when presented to the administrator, was allowed for the principal and interest due, but rejected for the $228.80 attorney fees.

It is claimed by appellant that as the administrator allowed all of the claim save the 10 per cent attorney fees, this suit was to establish the claim for that sum only, and was therefore not within the jurisdiction of the court, and that the plea to the jurisdiction should have been sustained.    We do not think there was error in overruling the plea to the jurisdiction.    The rejection of the claim in part authorized the holder, if not satisfied with such rejection, to bring suit on the claim for the full amount, which was a sum within the court's jurisdiction.    Gibson v. Hale, 57 Texas, 406.    This disposes of the first error assigned.

The remaining assignments relate to the conclusion of law found by the court, which was to the effect that the resort to the Probate Court for the collection of the claim, by procuring the allowance by the administrator and approval by the county judge, which must have followed in order to collect the claim, was such a suit as was contemplated by the parties and covered the terms of the contract of deceased, as contained in the note, and plaintiff was entitled to the allowance of 10 per cent attorney fees by the administrator, and upon his refusal to allow the same he could bring suit in the District Court for the amount of the note, including such fees, and to enforce the deed of trust.

It is contended by the appellant that the proceeding required of a creditor by our probate laws, in having his claim against an estate allowed

by the administrator and approved by the Probate Court, does not come within the most comprehensive definition of a suit. It is also urged that a civil suit in the District and County Courts must be commenced by petition filed, etc. Although the presentation of the claim to appellant may not have been a suit within the technical meaning of that term, or as defined by the statute, still it was a resort to a judicial tribunal (rendered necessary by the death of Prendergast and administration on his estate) to enforce a demand. The collection of the appellee's claim by due process of law, as provided and required by articles 2015, 2018, 2020, 2022, 2024, 2025, 2026 of the Revised Statutes, through the Probate Court would require as much the services of an attorney as would the enforcement of a demand against an individual by the filing of a petition in an ordinary suit. The language used in the note, and which provided for the payment of 10 per cent attorney fees additional in case of suit after maturity to enforce collection, we do not think should be restricted to a suit in equity or an action at law. By this language we think the parties contemplated that such fees should become payable if in order to collect the debt the services of an attorney become necessary to apply to a court having jurisdiction of the subject matter to secure the payment of the claim. In this case it appears from the record that an attorney was employed for this purpose. We think there is no error in the judgment and that it should be affirmed.

*Affirmed.*

Adopted December 3, 1889.