Mrs. M. A. Morrill v. B. A. Hoyt.

No. 3151.

1. **Stipulated Attorney Fees—Legal Proceedings.**— Proving up and presenting a claim against the estate of a lunatic in the hands of a guardian is such legal proceedings as to entitle the holder of an obligation so presented to recover the *attorney fee* stipulated therein to be paid "if legal proceedings be instituted."

2. **Same—Case Adhered to.**—Simmons v. Terrell, 75 Texas, 275, adhered to, recognizing stipulated attorney fees payable upon legal proceedings having been taken as earned and recoverable when the claim was proved up and presented to the administrator by an attorney.

Error from Dallas. Tried below before Hon. George N. Aldredge.

The opinion states the case.

*Dickson & Maroney,* for plaintiff in error.—Putting a claim against the estate of a lunatic which is past due in the hands of an attorney, who properly proves up the claim and presents the same for allowance to the guardian of the estate of the lunatic, constitutes the institution of legal proceedings on the claim to collect the amount due thereby. Simmons v. Terrell, 75 Texas, 275.

No brief for defendant in error reached the Reporter.

Tarlton, Judge, *Section B.*—February 2, 1885, one J. H. Davis executed a note for the sum of $1300, payable to the order of plaintiff in error, secured by a deed in trust on certain real estate, and due two years after date, with interest from date until paid at the rate of 12 per cent per annum. The interest was payable annually, and the note stipulated, that "upon default in the payment of the interest for any year the principal of this note is at once to become due and payable." The note further provided for "10 per cent additional as attorney fees if legal proceedings be instituted on this note to collect the amount due by it." Default was made in the payment of the interest due February 2, 1886; and thereafter, on March 30, 1886, J. H. Davis was adjudged to be a person of unsound mind, and B. A. Hoyt, defendant in error, became the legally appointed and qualified guardian of the lunatic. The note was placed in the hands of attorneys for collection, and by them was, on December 4, 1886, presented to the guardian, properly proved up by affidavit made by one of the attorneys, including the claim for 10 per cent attorney fees. The claim was on December 7, 1886, approved by the guardian, except as to the demand for 10 per cent attorney fees, which was rejected. Mrs. M. A. Morrill, therefore, on December 8, 1886, instituted this suit against the guardian to recover the entire amount of the note, principal, interest, and attorney

fees. The defendant answered, admitting the facts stated, but denied any obligation for attorney fees, on the ground that legal proceedings had not been instituted for the collection of the claim. April 14, 1887, after the bringing of this suit, the guardian paid on the principal and interest of the note the sum of $1640, duly indorsed as a credit. March 19, 1888, the court rendered judgment for the plaintiff for the sum of $20.21, the balance of the principal and interest due on the note after deducting the payment made. The court further adjudged that plaintiff should pay the costs, holding that the proving up and the presenting of the plaintiff's claim by her attorneys did not constitute the institution of legal proceedings.

By virtue of a writ of error the judgment is before us for revision.

Before the presentation of the claim default had been made in the payment of the annual interest due February 2, 1886. The note had therefore, according to its terms, matured. Machine Works. v. Reigor, 64 Texas, 89. The sole question for our consideration is, Did the steps taken by the plaintiff, viz., the putting of the claim past due against the estate of the lunatic into the hands of an attorney, who properly proved it up and presented it for allowance to the guardian of the estate, constitute the institution of legal proceedings for the collection of the amount due on the claim?

We have been anticipated by this court in the decision of this question, in the case of Simmons v. Terrell, 75 Texas, 275. It was there held, in a case quite similar to the present in the facts presented, that the presentation of a claim of like character to an administrator, its rejection by him as to the demand for attorney fees, and the subsequent institution of a suit in the District Court on the entire demand, entitled the creditor to the recovery of the 10 per cent attorney fees provided for in the note. It had been previously held, in effect, that the authentication of a claim against the estate of a deceased person, and the presentation thereof for allowance and approval, constitute the institution of legal proceedings for its collection. Cotton v. Jones, 37 Texas, 36.

We therefore find that the judgment of the lower court is erroneous. The plaintiff was entitled to recover 10 per cent of the amount, principal and interest, due on the note April 14, 1887, the date of the payment of $1640, and in addition 10 per cent of the balance, principal and interest, due at the date of the trial, March 19, 1888, after deducting the payment, the entire amount so adjudged to bear interest at the rate of 12 per cent per annum from March 19, 1888, with foreclosure as prayed for in the petition.

We recommend that the judgment be reversed and here rendered, in accordance with this opinion.

*Reversed and rendered.*