J. B. ADOUE v. M. W. KIRBY, ADMINISTRATOR.

Decided December 12, 1908.

**Promissory Note—Attorney's Fee—Necessity for Attorney.**

A creditor of an estate held a promissory note executed by the decedent and secured by mortgage lien, in which it was stipulated that if the note was placed in the hands of an attorney for collection or if collected by suit, ten percent additional would be due as attorney's fee; soon after the administrator qualified, and before the creditor had taken any steps to establish his claim, the administrator notified the creditor that he was ready and willing to pay the claim upon approval by the court, and prepared and handed to the creditor a proper proof of the claim, which the creditor did not use, but placed his claim in the hands of an attorney who prepared the necessary affidavit and presented the claim to the administrator for allowance; the administrator allowed the claim in full, except the ten per cent added for attorney's fee which was disallowed. In a suit upon the note and to collect the attorney's fee, held, that no such necessity existed for the services of an attorney as would create the contingency for the payment of the attorney's fee stipulated in the note, and the creditor was not entitled to recover the same.

Appeal from the District Court of Dallas County. Tried below before Hon. Thomas F. Nash.

*Flippen & McCormick*, for appellant.—When a note against an estate is presented for allowance, and the administrator allows the principal and interest, but rejects a claim for ten percent attorneys' fees which the note stipulates shall be paid, such rejection of a part of the claim authorizes the holder to sue for the full amount of principal, interest and attorneys' fees, and such a suit will entitle the holder of the note to the allowance of attorneys' fees, which the note stipulates shall be paid in case suit is necessary to collect it. Revised Statutes of Texas, articles 2015, 2018, 2020, 2022, 2024, 2026; Eakin v. Scott, 70 Texas, 442; Simmons v. Terrell, 75 Texas, 275; Martin-Brown Co. v. Perrill, 77 Texas, 199; Morrill v. Hoyt, 83 Texas, 59; Kendall v. Page, 83 Texas, 131; Huddleston v. Kempner, 21 S. W., 946; Smith v. Pickham, 28 S. W., 565; Sturgis National Bank v. Smyth, 30 S. W., 678; Dieter v. Bowers, 84 S. W., 847; Stansell v. Cleveland, 64 Texas, 660; Miner v. Paris Ex. Bank, 53 Texas, 559; Durst v. Swift, 11 Texas, 273; Yetter v. Hudson, 57 Texas, 604; Cotton v. Jones, 37 Texas, 36; Harrison Machine Works v. Reigor, 64 Texas, 89.

Where the contract gave the owner and holder of a note  the right

to declare it immediately due, without notice, in case any of the interest coupons remained unpaid for ten days after the same became due, the filing of the claim with the administrator was an election to declare it due, and no notice was required and no declaration need have preceded the filing of the claim, as the two acts were concurrent. Chase v. First National Bank, 1 Texas, Civ. App., 595, and cases there cited; Dieter v. Bowers, 84 S. W., 849, and cases there cited; Kempner v. Comer, 73 Texas, 196; Jones on Mortgages, secs. 1179-1186, and cases cited; Swearingen v. Lahner, 61 N. W., 431, 26 L. R. A., 765; 56 Am. St. Rep., 261 (Iowa).

The death of A. Berger and administration on his estate rendered the presentation of plaintiff's claim necessary, and the maker of the note having agreed to pay a certain percent for attorneys' fees in case the note was placed in the hands of an attorney for collection, or if collected by suit, and the holder of the note having agreed with the attorneys in whose hands it was placed that the attorneys' compensation should be the amount stipulated in the note, the obligation became absolute, and the additional sum for attorneys' fees, as contracted for by the plaintiff, became a part of the sum due, and the holder of the note was entitled to recover the same, though the administrator had been ready, willing and able to pay the same. Cotton v. Jones, 37 Texas, 36; Simmons v. Terrell, 75 Texas, 275; Morrill v. Hoyt, 83 Texas, 59; Huddleston v. Kempner, 21 S. W., 947; Smith v. Pickham, 28 S. W., 566; Sturgis Nat. Bank v. Smyth, 30 S. W., 678; Nease v. James, 72 S. W., 87; Dunovant's Estate v. Stafford, 81 S. W., 102; Dieter v. Bowers, 84 S. W., 849.

*Thomas & Sewell* and *Barry Miller,* for appellee.—The holder of a promissory note containing a stipulation for attorney's fees, can not recover the attorney's fees if it was not necessary to bring suit upon the note, or if by his own act the holder makes the necessity for bringing suit or other judicial proceedings to collect the note. Haynes v. Halverton, 111 S. W., 166; Elmore v. Rugely, 107 S. W., 151.

RAINEY, Chief Justice.—This suit was brought by J. B. Adoue against M. W. Kirby, administrator of the estate of A. Berger, deceased, to recover on a note for $6,000, interest and ten percent attorney's fees, and to foreclose a mortgage to secure the payment of same.

No contest was made as to the validity of the note or mortgage or to a recovery thereon, except as to the attorney's fees stipulated in the note, and on this exception it was contended that there was no necessity for the placing of said note in the hands of an attorney, and therefore a recovery for attorney's fees should not be claimed.

The case was tried by the court without a jury, and judgment rendered for plaintiff for the amount of the note, less attorney's fees. From said judgment this appeal is prosecuted.

The facts are that A. Berger, who died January 12, 1907, and who, before his death, executed the note and mortgage sued on. Said note is as follows:

"On the 8th day of May, 1911, without grace, for value received, I hereby promise to pay to the order of J. B. Adoue at the office of Na-

tional Bank of Commerce in the city of Dallas in Dallas County, Texas, the principal sum of six thousand dollars, in gold coin of the United States of America of the present standard of weight and fineness, with current rate of· exchange on the city of New York, and with interest thereon from the date hereof at the rate of seven percent, per annum, payable semi-annually, on the —— day of November and May in each and every year, according to the tenor and effect of ten interest coupons of two hundred and ten and 00/100 dollars each, bearing even date herewith and attached to this note, and numbered from one to ——, both inclusive. This note and said coupons bear interest after they become due at the rate of ten percent per annum.

"It is also agreed that in case any of said coupons remain unpaid for ten days after the same become due, or in case of failure to comply with any of the agreements and conditions set forth in the Deed of Trust given to secure this note, then at the election of the legal holder hereof, at any time thereafterwards made, the principal sum expressed in this note, with all accrued interest, may, by said holder, be declared immediately due, without notice, and may be collected forthwith by sale under said Deed of Trust, or otherwise, as such holder may elect. And if this note is placed in the hands of an attorney for collection, or if collected by suit, I agree to pay ten percent additional on the principal and interest due as attorney's fees.

"Dated at Dallas, Texas, this 8th day of May, 1906."

On March 13, 1907, M. W. Kirby was appointed and qualified as administrator of the estate of A. Berger, deceased. About ten days thereafter Kirby notified Adoue of his appointment and asked him if he handn't better file what claims he had against the estate, that he wanted to wind the estate up. Adoue replied, "I don't know as there is much hurry, I have a year." Adoue gave to Kirby a statement of said indebtedness and Kirby had proof of same prepared and handed same to Adoue for his signature to be presented to the court for approval, and upon approval by the court the said administrator was ready and willing to pay the same, said estate being solvent. On May 8, 1907, thereafter, an installment of interest, $210, fell due, and soon thereafter Adoue placed the claim in the hands of his attorney, agreeing to pay ten percent for collection. The attorney prepared the proof of claim, which was signed by Adoue, and it was then presented to the administrator for allowance, who endorsed thereon his approval, in effect, for all the claim, except the attorney's fees of ten percent. Mr. J. A. Smith, who was a partner in business with Kirby, and had bought an interest in the estate of A. Berger before Kirby's appointment as administrator, paid to Adoue a note of $1500 held by Adoue against the estate, and at that time informed Adoue that at any time he wanted his money on his indebtedness to let him know, that the estate was in shape to pay it at any time he presented it. Adoue impressed the administrator that he was in no hurry for his money; when interest installment fell due he never notified the administrator that it was due and that he wanted his money, or that he had elected to declare all of principal and interest due. After suit Kirby made a tender for the amount, less attorney's fees.

The question for our consideration is, whether or not under the foregoing facts such a necessity arose as justified Adoue to place the claim in the hands of an attorney for collection that entitles him to recover the ten percent attorney's fees stipulated in the note. We feel constrained to answer in the negative.

In the cases of Simmons v. Terrell, 75 Texas, 275; Morrill v. Hoyt, 83 Texas, 59; and Huddleston v. Kempner, 1 Texas Civ. App., 211, our courts have held that attorney's fees stipulated in a note were recoverable where it was necessary to employ an attorney to prove up and present the claim to the administrator. From a consideration of those cases we think it will appear that no question was raised as to the necessity for the claim to be placed in the hands of an attorney, but that it can be inferred legal proceedings were necessary to enforce collection.

In the case under consideration the proof clearly shows that had the administrator been notified that Adoue wanted his money, it would have been paid. It is true, it was payable at Adoue's bank, but the administrator was impressed with the belief that Adoue was not in a hurry for the money by the statement, "I don't know as there is much hurry, I have a year." That by the terms of the note Adoue was not legally bound to give Kirby notice that the claim was due, yet it was about as convenient to notify him as it was to place the claim in the hands of an attorney, and it seems to us that business courtesy at least would have called for such a notice.

Again, while the administrator would have paid the claim without its being proved up and approved by the court, yet he preferred that that course be taken and, to save Adoue any costs, he had the necessary papers prepared for the proof and presented to Adoue for signature, but these Adoue did not use, and no reason was given to the administrator nor any objection urged thereto, though in his testimony he says, in effect, that the claim was large, and he preferred his own attorneys in the matter. His attorneys could have examined said proof and told him whether it was properly prepared, and if not, they could have prepared another at much less expense than the ten percent stipulated in the note.

No demand was made on Kirby to pay the claim, nor any effort whatever was made by Adoue to collect it before placing it in the hands of his attorneys, Kirby being ready and willing to pay, and the proof of the claim having been prepared and tendered by Kirby without costs to Adoue, no necessity existed for the services of an attorney, such as created the contingency for the payment of the attorney's fees stipulated in the note. (Haynes v. Halverton, 111 S. W., 166.) The judgment is affirmed.

### ON MOTION FOR REHEARING.

In our original opinion we say that "the proof of the claim having been prepared and tendered by Kirby without cost to Adoue," etc. This statement is alleged to be a mistake, as Kirby testified in effect that he never prepared and tendered a proof of claim to Adoue. It is true that Kirby so testified, but there is testimony that a proof of claim was prepared by an attorney, whom the evidence shows was

Kirby's attorney, and handed to Kirby. Just who presented it to Adoue for his signature the evidence does not show, but it is an uncontroverted fact that such an instrument was prepared and handed to Adoue. He testified: "I remember their presenting a paper to me: I don't remember the exact wording of it, or the amount of the claim, but I am satisfied it was a proof of claim. I did not sign it because I did not want to trust my claim in the hands of their attorney."

So, it is immaterial whether Kirby, or someone else for him, prepared and handed the proof of claim to Adoue, the legal effect is the same.

The claim was never presented for payment and, under the circumstances of this case, it would be inequitable to allow a recovery for attorney's fees, and the motion for rehearing is overruled.

*Affirmed.*

Writ of error dismissed for want of jurisdiction.