## WOODARD et al. v. LONG.

### No. 12810.

Court of Civil Appeals of Texas. Fort Worth.

April 1, 1933.

Rehearing Denied May 6, 1933.

T. R. Boone and E. T. Duff, both of Wichita Falls, for appellants.

John Davenport, of Wichita Falls, for appellee.

LATTIMORE, Justice.

Appellee Long sued appellants Woodard, as principal, and Reece S. Allen and John O'Neil, as endorsers, on a note. The petition alleged the rate of interest without in connection therewith alleging when interest began. The prayer prayed for interest from the date of the note. We believe the special exception thereto directed for failure to directly allege the date interest began was good and should have been sustained, though if that were the only error in the record we would hesitate to declare it reversible.

The petition nowhere alleged any facts showing that the liability of the endorsers had been fixed as prescribed by articles 5937 and 5938, Rev. St. 1925. Against this petition a general demurrer by endorsers is good, and being urged in this case should have been sustained according to the following authorities: First Nat. Bank v. Lee County Cotton Oil Co. (Tex. Com. App.) 274 S. W. 127; Wardlaw v. Farmers' & Merchants' Bank Co. (Tex. Com. App.) 34 S.W.(2d) 419; First State Bank v. Ovalo Warehouse Ass'n (Tex. Civ. App.) 276 S. W. 773; Howth v. J. I. Case Threshing Mach. Co. (Tex. Civ. App.) 280 S. W. 238. We need not discuss the matter further.

The cause is reversed and remanded to the trial court.

### On Motion for Rehearing.

The judgment for appellee against the principal Woodard was correct. The latter's liability to appellee is complete and distinct from that of the appellant endorsers. When this case reaches the trial court again, Woodard is in court without further citation as to the cross-action of the endorsers.

Appellee's motion for rehearing is granted. the judgment reversing the same as to appellant Woodard is set aside, and the judgment of the trial court against Woodard is affirmed. The judgment of appellee against the endorser appellants and the judgment in favor of the endorsers over against Woodard is reversed and remanded to the trial court.