**CREDIT EXCHANGE OF DALLAS, INC.,**
Appellant,

v.

**Rev. W. L. BELL, Appellee.**

**No. 17083.**

Court of Civil Appeals of Texas.

Dallas.

April 19, 1968.

Jean Maier, Dallas, for appellant.

James W. Shoecraft, Dallas, for appellee.

DIXON, Chief Justice.

Appellant Credit Exchange of Dallas, Inc., sued appellee W. L. Bell, maker of a promissory note in the amount of $642.70, executed February 16, 1966, payable March 3, 1966. The original payee was St. Paul

Hospital in Dallas, Texas. Appellant holds the note as assignee.

By way of defense appellee Bell pleaded failure of consideration and fraudulent representations in inducing him to sign the note.

After a nonjury trial judgment was rendered in favor of Bell that appellant take nothing.

■ No statement of facts appears in the record. However, the court filed findings of fact to the effect that (1) there was sufficient consideration for the note "given by defendant"; (2) no fraud or misrepresentation was made on the part of St. Paul Hospital; and (3) the note was not presented to appellee for demand of payment in person prior to filing suit. In the absence of a statement of facts it will be presumed that the above findings are supported by the evidence. See 4 Tex.Jur.2d 336 and cases there cited.

The court concluded that appellant's failure to plead or prove presentment of the note to appellee was, as a matter of law, fatal to recovery by appellant on the note. The instrument did not provide for waiver of presentment.

Appellee had not pleaded failure to make presentment of the note as a defense. The finding and conclusion in that respect were made by the court on its own motion.

■ Appellant in its Point A contends that presentment for payment is not necessary in order to charge a person primarily liable on a promissory note. We agree with appellant.

Texas adopted the Uniform Negotiable Instruments Act, which will be found in Vernon's Ann.Civ.St., Articles 5932–5948, and was in force and effect at all times material hereto.*

Art. 5937, Sec. 70, V.A.C.S. expressly provides that presentment is not necessary in order to charge a person primarily liable on a negotiable instrument. The rule has been recognized by the courts of this state and of other jurisdictions. Woodard v. Long, 63 S.W.2d 567 (Tex.Civ.App., Fort Worth 1933, no writ); Peters v. Lyles-Madry Implement Co., 41 S.W.2d 69 (Tex. Civ.App., Fort Worth 1931, writ dism'd); 9 Tex.Jur.2d 197; 10 C.J.S. Bills and Notes § 345, pp. 845–847; 11 Am.Jur.2d 823; 5 Uniform Laws Annotated, Sec. 70.

Appellee in his brief cites the opinion of this court in Fisher v. Howard, 389 S.W.2d 482, 486 (Tex.Civ.App., Dallas 1965, no writ) and says that we there held that "Sec. 70, Art. 5937, applies to demand notes, *not the notes due on a specific date.*" (Emphasis ours.) We have re-examined our opinion in the Fisher case. Nowhere in that opinion did we hold that Section 70 does not apply to notes due on a specific date. The note in the Fisher case was payable on demand. It expressly provided for waiver of presentment.

■ It is true that presentment is necessary in the case of an installment note which contains an acceleration clause if the holder and owner undertakes to declare the whole amount due on the maker's falling behind in making his installment payments. Dickson v. Dickson, 324 S.W.2d 422 (Tex.Civ.App., Houston 1959, no writ); 9 Tex.Jur.2d 77–78; 10 C.J.S. Bills and Notes 251, p. 751; 11 Am.Jur2d 824. But the note in the case now before us is not an installment note.

Appellant's Point A is sustained.

■ Appellee contends that Sections 70 and 71 of Art. 5937, V.A.C.S. are in conflict, therefore neither one is operative. Appellee does not cite any authority and we have found none in Texas or any other jurisdiction holding that Sections 70 and 71

* Since the occurrence of the events involved herein the Negotiable Instruments law above referred to has been super-seded by the provisions of the Business and Commerce Code.

of the Uniform Negotiable Instruments Act are in conflict. We hold they are not in conflict.

 In construing statutes it is presumed that several acts or provisions relating to the same subject are intended to be consistent and to operate in harmony. Freels v. Walker, 120 Tex. 291, 26 S.W.2d 627 (1930); Shelton v. Thomas, 11 S.W.2d 254 (Tex.Civ.App., Waco 1928, no writ); 53 Tex.Jur.2d 273. Even when the literal language of one act conflicts with another they should be read together and harmonized if reasonably possible, so as to give effect to each of them. Town of Griffing Park v. City of Port Arthur, 36 S.W.2d 593, 596 (Tex.Civ.App., Beaumont 1931, no writ); Dallas Railway & Terminal Co. v. Strickland Transp. Co., 225 S.W.2d 901 (Tex.Civ.App., Amarillo 1949, no writ); 53 Tex.Jur.2d 280.

The purpose of Section 71 of Art. 5937, as we construe it, is to lay down the rule as to the *time when* presentment must be made *in those instances when presentment is necessary*. Where an instrument is not payable on demand presentment must be made on the day it falls due *in order to hold persons secondarily liable,* such as endorsers and drawers. Even where an instrument is payable on demand, Section 71 provides that presentment must be made *"within a reasonable time"* in order to hold persons secondarily liable. That this construction of Sec. 71, Art. 5937, V.A.C.S. is correct finds support, we believe, in the language used in 10 C.J.S. Bills and Notes § 353, par. b., p. 855, where it is said, *"In order to charge persons secondarily liable,* the Negotiable Instruments Act § 71 expressly provides that where the instrument is not payable on demand presentment must be made on the day it falls due." (Emphasis ours.) See also 10 C.J.S. Bills and Notes § 353, p. 856; 11 Am.Jur.2d 832 under the heading "3. Time a. In General"; and 5 Uniform Laws Annotated, Sec. 71.

Appellee further contends that the record does not show that the note in question was ever offered in evidence. There is no merit in this contention. The original note was attached to Plaintiff's Supplemental Petition and bears a court reporter's mark.

Moreover, in view of the court's express finding that there was sufficient consideration "for the note given by Defendant" we must presume that the note was introduced in evidence.

It is obvious that the only basis for the court's judgment that appellant take nothing was the court's conclusion that appellant's failure to make presentment was as a matter of law fatal to a recovery by appellant. Since we have held that it was an erroneous conclusion of law, we deem it necessary to reverse the court's judgment and to here render judgment for appellant for the principal amount of the note, plus interest, attorney's fee of 10 per cent as provided by the note and for all costs of suit.

Reversed and rendered.