

**THE ATTORNEY GENERAL**

**OF TEXAS**

AUSTIN, TEXAS 78711

JOHN L. HILL.
ATTORNEY GENERAL.

*Lee H-1235*

July 20, 1976

The Honorable Tim Curry
District Attorney
Tarrant County Courthouse
Fort Worth, Texas 76102

Opinion No. H- 849

Re: When a taxing au-
thority notifies the county
tax assessor of the tax
rate.

Dear Mr. Curry:

You have requested our opinion regarding the meaning of
the term "succeeding taxable year" for purposes of article
7044a, V.T.C.S. That statute provides:

> Section 1. From and after January 1,
> 1966, all taxing authorities which use
> the services of the county tax assessor-
> collector, either to assess or collect
> taxes for such taxing authority, shall,
> on or before July 20 of each year, notify
> the county tax assessor-collector whose
> services are to be used by the taxing au-
> thority of the tax rate for the succeeding
> taxable year adopted by the taxing authority.

> Sec. 2. In the event any taxing authority
> using the services of the county tax assessor-
> collector for either assessing or collecting
> taxes of the taxing authority fails to notify
> the county tax assessor-collector of the tax
> rate adopted by the taxing authority, prior
> to July 20, as provided in Section 1 of this
> Act, the tax rate for the succeeding year
> shall be the tax rate for the preceding year,
> rather than the tax rate adopted by the
> taxing authority, and in no event shall a
> new tax rate be in force and effect unless
> notification of such tax rate is furnished
> the county tax assessor-collector prior to
> July 20 of each year.

shall be the tax rate for the preceding year,
rather than the tax rate adopted by the
taxing authority, and in no event shall a
new tax rate be in force and effect unless
notification of such tax rate is furnished
the county tax assessor-collector prior to
July 20 of each year.

Sec. 3.  In compiling the tax roll for a
taxing authority using the services of the
county tax assessor-collector, the county
tax assessor-collector shall use the rate
furnished him by the taxing authority prior
to July 20 of each year, or, in the event
the county tax assessor-collector has not
been furnished a new tax rate, the county
tax assessor-collector shall use the tax
rate adopted for the preceding taxable year
by the taxing authority.  (Emphasis added).

Your inquiry is whether article 7044a, since it refers to
the rate for the "succeeding year" or "succeeding taxable year,"
requires that each taxing authority adopt by July 20th of one
year the tax rate applicable to those taxes that do not become
collectible until October 1 of the next year.

In properly addressing your inquiry, we cannot read article
7044a in its own narrow context but rather it must be read
in conjunction with the many other statutes applicable to
the ad valorem tax on property and understood in the context
of the annual taxing procedure as it generally applies to
property assessed by counties.  Property is listed for
taxation by the county tax assessor-collector between Janury
1st and April 30th of each year.  V.T.C.S. arts. 7151, 7189.
The list is then submitted to the commissioners court which
supervises the assessment and equalization of property
valuations and taxes.  V.T.C.S. art. 7212.  This generally
occurs beginning in late May or early June.  V.T.C.S. arts.
7206, 7217, 7218.  The actual notification of property
owners of their tax and the collection of taxes is to begin
on October 1, or as soon thereafter as the county tax
assessor-collector obtains "the proper assessment rolls,
books, or data upon which to proceed."  V.T.C.S. art. 7255.

The taxes become delinquent if not paid prior to February 1 of the next year, subject to certain exceptions for early partial payments, article 7336(b), V.T.C.S., and the possibility of a discount for early payment.  Tex. Const. art. 8 § 20; V.T.C.S. art. 7255b.  This annual procedure affects many taxing authorities in addition to the county itself because many such authorities, including the state, rely on the tax rolls and assessments of the county and on the collection services of the county assessor-collectors.

After carefully examining article 7044a, the bill by which it was enacted, and the other applicable statutes, it is our opinion that the Legislature intended that the tax rate required to be set on or before July 20 of each year is the one applicable to the taxes that become collectible on October 1 of the same calendar year.  While the language standing alone is susceptible to other constructions, we have concluded that when we consider all applicable statutes the better view is that the term "succeeding taxable year" refers to the succeeding tax payment or collection period. The effect of article 7044a is to require each taxing authority covered by the statute to provide the county tax assessor-collector the "proper . . . data" necessary to allow that officer "to proceed" to notify the taxpayers and to begin collection of taxes on October 1 as provided in article 7255.  Following are several of the many reasons which have been considered during our review and which we believe indicate that this is the most appropriate meaning of the provision.

Some indication of the Legislature's intent may be discerned from article 7044a itself.  Section 2 of article 7044a provides that if the county tax assessor-collector does not receive the tax rates for the "succeeding year," he must use the tax rate for the "preceding year."  No mention is made at all in article 7044a of the tax rate of the "current taxable year" or "current year."  The words "succeeding" and "preceding" are relative.  A construction of article 7044a, although admittedly not the only one possible, is that the tax rate for the "preceding year" is the rate for those taxes collectible on October 1 preceding the setting of the new rates, and the rate for the "succeeding year" is the new rate for those taxes collectible beginning on the October 1 succeeding the date the rate is set.

Section 4 of the bill which enacted article 7044a, Acts 1965, 59th Leg., Ch. 343, at 729, gives an indication of the Legislature's purpose when it provides:

> The fact, that there is no deadline for various taxing authorities (other than the State of Texas) to adopt a tax rate, causing undue delay for the county tax assessor-collector, creates an emergency and an imperative public necessity that . . . this Act shall take effect and be in force from and after its passage . . . . Section 4.

Clearly, the "undue delay" caused for the county tax assessor-collector was in notifying the property owners of their tax and in beginning the collection of taxes on or about October 1 as required by article 7255. Unless the applicable rate is received on or about July 20th, the tax assessor-collector could have difficulty meeting the October 1 deadline. On the other hand, we have been unable to conceive of any such "undue delay" likely to result from a failure to notify the tax assessor-collector of the rate for taxes that he cannot begin to collect until over 14 months later.

In section 4, quoted above, of article 7044a, mention is made of the fact that "other than the State of Texas" no deadline existed in 1965 for the adoption of tax rates. Under V.T.C.S. articles 7042 and 7043, which were in effect when article 7044a was adopted, the rate for state purposes was to be calculated by July 20 of each year. But see Tex. Const. arts. 7 § 17, 8 § 1-e, which now set the annual ad valorem tax rate for state taxes. The Comptroller is then directed by article 7044, V.T.C.S., to

> certify to the tax assessor of each county . . . the rate of taxes for State purposes and for public free school purposes <u>for the current year</u> . . . . (Emphasis added).

The State is one of the "taxing authorities which uses the services of the county tax assessor-collector" under article 7044a. Any reading of that statute to the effect that rates

set on July 20th in one calendar year are applicable to taxes which become collectible on October 1 of the following calendar year results in a conflict between article 7044a and article 7044. Such a result is avoided if we construe "succeeding taxable year" in article 7044a to refer to the tax payment or collection period following the adoption of the tax rate by the taxing authority. As the court noted in Credit Exchange of Dallas, Inc. v. Bell, 427 S.W.2d 674 (Tex. Civ. App. -- Dallas 1968, no writ),

> [iln construing statutes it is presumed that several acts or provisions relating to the same subject are intended to be consistent and to operate in harmony . . . Even when the literal language of one act conflicts with another they should be read together and harmonized if reasonably possible, so as to give effect to each of them. Id. at 676.

See also Dallas Railway & Terminal Co. v. Strickland Transportation Co., 225 S.W.2d 901, 905 (Tex.Civ.App. -- Amarillo 1949, no writ).

An additional indication of the Legislature's intent with regard to article 7044a may be found in V.T.C.S. article 7045, which, prior to the enactment of article 7044a, provided the time for setting the county tax rate. Article 7045 permitted a commissioners court to calculate the county tax rate at any time between July 15 and October 1 of the taxable year, Attorney General Opinion C-701 (1966), and to "adjust the taxes . . . to the taxable values shown by the assessment rolls." Article 7045 has not been repealed, and it remains operative to the extent that it does not conflict with article 7044a, or some other statute. Thus, we believe that a commissioners court may, pursuant to article 7045, continue to adjust county taxes "to the taxable values shown by the assessment rolls." If, however, the rate for taxes becoming collectible on October 1, 1977, must be set by July 20, 1976, the commissioners court could not adjust county taxes on the basis of assessment rolls, since assessment rolls for the 1977 taxable year would not become available until the following spring. See V.T.C.S. arts. 7189, 7206,

7218. In order, therefore, to harmonize article 7044a with the statutory provisions regarding dates of assessment, it is necessary to construe "succeeding taxable year" as it appears in article 7044a to refer to the tax payment or collection period following adoption of the tax rate. As we have previously noted, such harmonization of statutes has long been judicially sanctioned.

Finally, in the course of our review of this question, we have been advised that, since article 7044a was enacted in 1965, taxing authorities, county tax assessor-collectors, and the State Comptroller have construed article 7044a in the manner discussed above. Tax rates adopted on or before July 20 of one calendar year have been utilized for those taxes collected beginning October 1 of that same calendar year. We know of no taxing authority or tax assessor-collector that has not applied article 7044a in this manner. It is well established that the construction placed upon a statute by the authority charged with its administration is entitled to some weight, particularly when a number of years have passed since the statute's enactment without legislative intervention. Calvert v. Houston Lighting & Power Co., 369 S.W.2d 502, 509-10 (Tex.Civ.App.--Austin 1963, writ ref'd n.r.e.). Administrative construction is especially relevant where the statute involved is a revenue measure. Flowers v. Texas Mexican Railway Co., 174 S.W.2d 70, 73 (Tex.Civ.App.--Austin 1943, no writ). We believe the construction given by taxing authorities and county tax assessor-collectors to the provisions of article 7044a should be respected.

It is our opinion then, that, on the basis of the uniform administrative construction placed upon article 7044a for more than ten years, together with the established principle of statutory construction that statutes should be read together and harmonized if reasonably possible, the term "succeeding taxable year," for purposes of article 7044a, refers to the tax payment or collection period immediately following the adoption of the tax rate by the taxing authority and that, as a result, rates for those taxes that become collectible on October 1, 1976 and delinquent in 1977, need only be set by July 20, 1976.

### S U M M A R Y

The tax rate established on July 20, 1976, will be effective for taxes that become collectible beginning on October 1, 1976 and delinquent in 1977.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb