### THE PANHANDLE NATIONAL BANK v. WILLIAM STILL.

#### No. 7256.

1. **Pleading—Attachment on Debt not Due.**—Where an attachment is sued out on a debt not due, and the petition and affidavit showed the facts, it is not necessary for the pleading or affidavit to contain an express assertion that the debt is not due.

2. **Amendment.**—Where suit is brought upon a debt not due with an attachment, and upon the maturity an amendment is filed showing the facts, and that the debt is overdue, that the attachment is quashed is no ground for dismissing the suit.

3. **Second Attachment.**—The first attachment not having been supported by a sufficient bond, it was competent to sue out a second writ supported by a statutory bond.

4. **Return of Attachment.** — The second attachment issued in term time was made returnable instanter, and was levied and so returned. This was no ground for quashing the attachment.

APPEAL from Wichita. Tried below before Hon. P. M. STINE.
No statement is necessary.

*Robert E. Huff,* for appellant.—1. When the defendant enters appearance and pleads in bar to the action, he can not take advantage of defects in the preliminary proceedings, but they will be considered as waived. Drake on Attach., 112.

2. The court erred in sustaining the motion of the defendant to quash the attachment writ issued October 30, 1889, and in quashing said writ because it was made returnable instanter.

3. When an attachment writ is regular in other respects and supported by proper affidavit and bond, there is no prohibition on its being made returnable instanter, and if issued and made returnable instanter it is a valid writ. Rev. Stats., arts. 162, 163.

4. The court erred in sustaining the motion of the defendant to quash the attachment and dismiss the case. Drake on Attach., 112; Culbertson v. Cabeen, 29 Texas, 247.

5. After appearance and answer to the merits it is too late to take advantage of defects in the preliminary proceedings, for they will be considered as waived. If notes not due are sued on and mature pending suit, plaintiff may amend and set up that fact. If no objection was taken before answer to the merits, it is then too late.

*W. W. Flood,* for appellee.—1. There is no authority of law for making writ of attachment returnable instanter. The court was then in session, having begun October 21, as this court judicially knows, and having adjourned November 16, 1889. Sayles' Civ. Stats., art. 176.

2. There were other grounds of objection to this writ, as well as the one issued October 9, 1889: (1) Because the affidavits on which both

writs were predicated were made as on debt then due, when plaintiff's petition as well as notes sued on showed they were not due, the language of both affidavits being, defendant "is justly indebted to plaintiff," and "due on promissory notes as follows," etc.   (2) Because there was no proper suit begun failing to show any part of plaintiff's demand being then due.   (3) Plaintiff's notes were not due ninety days after date as alleged, but were entitled to days of grace. All these objections were well taken.   Cox v. Reinhardt, 41 Texas, 591; Sydnor v. Totman, 6 Texas, 189, 190; Seligson v. Hobby, 51 Texas, 147.

3.   These attachment proceedings should have been quashed and the suit dismissed, as no part of plaintiff's claims were due when suit began, and there was nothing to support the suit when attachment failed. Nor is the authority of Culbertson v. Cabeen, 29 Texas, 247, cited by appellant, in point, for in that case part of plaintiff's claim was due when suit was instituted.   Sydnor v. Totman, 6 Texas, 190; Cox v. Reinhardt, 41 Texas, 591.


HENRY, ASSOCIATE JUSTICE.—This suit was brought by the appellant upon two promissory notes, aggregating $1129.28, both dated the 1st day of August, 1889, and due ninety days after date.   Plaintiff's original petition was filed on the 9th day of October, 1889, which it will be observed was before the maturity of the notes.   The date of the notes and the time of their maturity were correctly described in the petition, and also in an affidavit for a writ of attachment made when the suit was brought.   The notes did not bear interest before maturity, but stipulated for "10 per cent attorney fees if collected by law or if placed with attorneys for collection."   At the same time the plaintiff filed an attachment bond for the sum of $2400.   The writ of attachment was levied upon real estate and returned.

On the 30th day of October, 1889, the plaintiff filed a second affidavit for attachment, similar in every material respect to the one first filed, and executed a second bond for attachment for the sum of $3000, upon which a second writ of attachment was issued, which was directed to be returned "instanter" to the court then in session.   It was so returned, indorsed with a levy upon real estate.

Plaintiff, on the 4th day of November, 1889, the day on which the notes became due, allowing for days of grace, filed an amended original petition.

The defendant answered, and also filed a motion to quash the writs of attachment upon the following grounds:

1.   Because the bond was not in double the amount of the debt sued for.

2.   Because the affidavit "is made upon a debt then due, when the notes sued upon were not then due."

3. Because the writ last issued was made returnable "instanter."

The court, on the 12th day of November, 1889, sustained the motion to quash the attachments, and then dismissed the suit on the ground that it was prematurely filed. The first bond being for less than double the amount of the debts and the attorney fees, was insufficient; but that objection was cured by the second one, which was for an amount more than double the debts, including the attorney fees.

The objection that the petition and affidavit did not show that the suit was for the collection of unmatured debts can not be maintained, as both the petition and the affidavit showed such to be the fact. Such being the case, it was unnecessary for the pleading or the affidavit to contain an express assertion that the debts were not then due. If the objection had been well taken in the first place, still, as an amended petition was filed after the debts had matured, the suit should not have been dismissed, even if the writs of attachment had been properly quashed. The direction for the return of the second writ "instanter" was not a ground for quashing it. The statute requires that the writ shall be returned on or before the first day of the next term of the court. Rev. Stats., art. 176.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered April 15, 1892.