## SOLON SMITH V. W. H. PICKHAM ET AL.

### No. 1361.

1. **Promissory Note—Attachment Before Maturity—Attorney Fees.**—The note sued on stipulated for attorney fees "if placed in the hands of attorney for collection." Suit was brought by attachment before maturity of the note. *Held*, that the makers and indorsers of the note were liable for the attorney fees, and the amount thereof was properly included in the attachment.

2. **Same—Waiver of Protest—Liability of Indorser.**—The waiver of protest in the face of the note is a waiver by the indorser as well as the makers, and attachment, upon proper cause, may at once issue against the indorser as well as the makers.

APPEAL from Throckmorton. Tried below before Hon. C. P. WOODRUFF.

*W. T. Andrews* and *Carrigan & Hughes*, for appellant.—1. Attorney fees stipulated for in the face of a promissory note become a part of the amount for which an attachment may be issued, although the note may not be due. Bank v. Still, 84 Texas, 339; 19 S. W.Rep., 479; Martin-Brown Co. v. Perrill, 77 Texas, 200; 13 S. W. Rep., 975; Stansell v. Cleveland, 64 Texas, 660.

2. The holder of a negotiable note may, before the note is due, proceed by attachment against the indorser, who is the payee in said promissory note, and especially so when the indorser waives protest of the same. Rev. Stats., arts. 152, 155, 262; Drake on Attach., sec. 31; Anderson's Dictionary, 840; Bank v. Kittering, 106 Pa. St., 531.

*Holman & Montgomery,* for appellees.—1. An attachment can not be issued for attorney fees stipulated for in a promissory note when said note is not due, and the provision for attorney fees in the note is, that "in case this note is placed in the hands of an attorney for collection we agree to pay 10 per cent additional upon the amount for attorney fees," such a promise being in effect only a promise to pay attorney fees in the event said note is not paid at maturity, and is placed in the hands of an attorney for collection. Dan. Neg. Inst., secs. 62, 62a; Stoneman v. Pyle, 35 Ind., 103; Smith v. Silvers, 32 Ind., 321; 2 Pars. on Bills and Notes, 413, 414; Sewing Machine Co. v. Marence, 29 Am. Rep., 406, note; Montgomery v. Crossthwait, 24 Am. Rep., 832; Bank v. Fuqua, 28 Am. Rep., 461; Hochstadler v. Sam, 73 Texas, 315; 1 Am. and Eng. Encyc. of Law, 896; Drake on Attach., 5 ed., secs. 27a, 28, 30; Black v. Zachirie, 3 How. (U. S.), 483; Henderson v. Thornton, 37 Miss., 448; 75 Am. Dec., 70.

2. An indorser upon a promissory note can not be sued by attachment by the holder of said note before the maturity of the note. Dan. Neg. Inst., secs. 660, 669; 2 Am. and Eng. Encyc. of Law, 386.

TARLTON, CHIEF JUSTICE.—The appellant, on September 9, 1892, brought this suit against W. H. Pickham, J. M. Goff, Tom J. Goff, and B. C. Miller. The plaintiff declared upon the following promissory note:

"$2604.00                    "THROCKMORTON, TEXAS, July 1, 1891.

"Two years after date, waiving grace and protest, we or either of us jointly and severally promise to pay to the order of W. H. Pickham, at the banking house of W. H. Pickham, in Throckmorton, Texas, the sum of twenty-six hundred and four dollars, value received, with 12 per cent interest per annum thereon from date until paid; and in case this note is placed in the hands of attorney for collection, we agree to pay 10 per cent additional on the amount as attorney's fees.

"TOM J. GOFF,
"B. C. MILLER,
"J. M. GOFF."

The note was indorsed by the payee, W. H. Pickham.

At the time of filing the suit, the plaintiff caused the issuance of an attachment for the principal of the note, together with interest and attorney fees, as therein stipulated; stating in the affidavit, among other things, that the "debt is not due, and will not mature until July 1, 1893;" and "that said defendants have disposed of their property in part, with intent to defraud their creditors; * * .* and that the plaintiff will probably lose his debt unless such attachment is issued."

In his petition the plaintiff, among other matters, alleged, that "plaintiff has placed said note in the hands of W. T. Andrews, an attorney at law, for collection; that he was compelled to do so, in order to collect same."

On motion of the defendants, the court quashed the writ of attachment; because: 1. The plaintiff "has included in his alleged cause of action and attachment a sum equal to 10 per cent on the amount of the said note, in addition thereto, as attorney fees, when in truth and in fact said attorney fee is not now a debt owing by the defendants, but only a possible debt, and will not become a debt until default is made in the payment of said note at maturity, and same is then placed in the hands of an attorney for collection. · 2. Plaintiff sues the defendant, W. H. Pickham, on said note, and causes an attachment to be issued against said defendant, when it appears from the papers in the case that said Pickham is merely an indorser upon said note, thereby showing that said note does not constitute a present valid and subsisting indebtedness of the said Pickham, but only a possibility that same may become an indebtedness of the said Pickham, in the event same is not paid at maturity, and that the holder thereof then takes the necessary legal steps to fix the liability of said indorser."

We are of opinion that the court erred in both the respects named.

1. The necessity for the attachment having arisen, the writ could issue before maturity of the debt or demand. Sayles' Stats., art. 155.

According to the terms of the note, the accrual of the demand for attorney fees did not depend upon the maturity of the obligation, but upon the condition, that "this note is placed in the hands of an attorney for collection." Under the allegations of the petition, this contingency, springing from necessity, had arisen.

Whatever may be the case in other jurisdictions, it is well settled in this State that a stipulation for attorney fees affects neither the validity nor the negotiability of the note. On the happening of the contingency provided for in the obligation, the attorney fee becomes a part of the demand, definite, certain, and fixed by the terms of the contract.

This doctrine has been frequently recognized by our decisions; as in the case of Bank v. Still, 84 Texas, 339, where a bond in attachment issuing before the maturity of the debt on which suit was brought, was held to be defective, because it was not in double the amount of the plaintiff's demand, consisting of the principal debt and the attorney fee. See also Stansell v. Cleveland, 64 Texas, 660; Martin-Brown Co.

v. Perrill, 77 Texas, 200; Simmons v. Terrill, 75 Texas, 275; Morrill v. Hoyt, 83 Texas, 59; Maddox v. Craig, 80 Texas, 600; Jones v. Smith, 4 Texas Civ. App., 353.

2. The waiver of protest embodied in the note must be held to be a waiver not only by the signers of the note, but by the indorser thereof; and this because the contract of the indorser embodied "all the terms of the instrument indorsed." 1 Dan. on Neg. Inst., sec. 669; 2 Id., sec. 1092.

By this, therefore, the indorser waived the taking of any and all steps which might have been otherwise necessary to fix his liability. 2 Dan. on Neg. Inst., sec. 929.

This right of waiver, and its effect with reference to the dispensing of the conditions on which the liability of the indorser is ordinarily fixed, is fully recognized by our Supreme Court in Williams v. Bank, 67 Texas, 609. So this court has held, that the indorser "would be liable for the stipulated collection of fees if the principal would." Jones v. Smith, supra.

Article 262, Sayles' Civil Statutes, provides, that the holder of a promissory note may secure and fix the liability of the indorser thereof, without protest or notice, by instituting suit against the maker thereof before the first term of the court in which suit can be brought, after the right of action shall accrue. Here suit was instituted against the makers of the obligation in accordance with the terms of this article, and after the accrual of the right of action, as fixed by the averments of the petition and the allegations of the affidavit for attachment.

Article 270, Sayles' Civil Statutes, provides, that an indorser may be jointly sued with the principal obligor. The cause of action in this instance having arisen against the principal, we can see no reason why it should not be asserted against the indorser as a joint defendant.

It may well be conceived that the holder of this note, in securing it by purchase or otherwise, may have relied principally upon the solvency or responsibility of the indorser, instead of upon that of the makers; and in the event that the indorser (as well as the principals) was about to dispose of his property with intent to defraud his creditors, as alleged in the affidavit in this case, we can see no reason for requiring the holder of the note to defer his action against the indorser until judgment should have been had against the makers, or for holding that the demand against the indorser should not be held to be a valid and subsisting demand until the maturity thereof against the principals, or until the taking of other steps to fix the liability of the indorser. In the suit thus jointly brought, under the provisions of article 270, the indorser could fully assert any demand which he might have against the principals.

We accordingly reverse the judgment and remand the cause.

*Reversed and remanded.*

Delivered October 15, 1894.

STEPHENS, Associate Justice, did not sit in this case.