### G. P. AWALT, JR., v. J. L. SCHOOLER ET AL.

#### Decided May 11, 1910.

**1.—Attachment—Judgment—Amount.**

An attachment lien can be foreclosed only for the amount for which attachment was sued out, though plaintiff recovers judgment for a greater sum.

**2.—Attachment—Affidavit—Amount.**

An affidavit for attachment stating the amount of indebtedness claimed on the notes sued on is not rendered uncertain as to amount by the addition of the words "exclusive of attorney's fees," where no attorney's fees are sought to be recovered.

**3.—Attachment—Affidavit—Pleading.**

Defendant in attachment can not attack the sufficiency of the affidavit for procuring the writ by evidence that plaintiff did not in fact swear to what the attestation of the officer shows that he did, without pleadings raising such issue.

**4.—Attachment—Lien—Real Property—Foreclosure—Pleading.**

It was not necessary for plaintiff to file pleading describing the land attached by him along with personal property, where his judgment merely establishes his lien against the land, decreeing foreclosure and sale of the personal property only.

**5.—Practice on Appeal—Reformation of Judgment—Costs.**

Where error in the judgment as to the amount for which foreclosure of attachment lien was awarded was not called to the attention of the trial court, the reformation of such judgment on appeal will not carry the costs thereof against the appellee.

Appeal from the County Court of Hamilton County. Tried below before Hon. J. W. Warren.

*J. L. Lewis,* for appellant.—The expression, in the affidavit,—"exclusive of attorney fees," used in connection with and qualifying data by which the indebtedness, but for the expression quoted, might have been computed, makes such indebtedness uncertain. If this is not the case, then the expression means nothing. Rev. Stats., art. 186, sec. 1; Jones v. Perkins, 59 Texas, 300.

The affidavit nowhere shows, affirmatively, that affiant swore positively to the things alleged, which ought to be done in attachment proceedings. Rev. Stats., art. 186; Sanover v. Jacobson, 14 S. W., 458. Testimony that affiant did not swear positively to the facts stated, should have been heard and the attachment quashed.

There being absolutely no pleading describing the land described in the judgment, and upon which the attachment lien was established, that part of the judgment so establishing said lien upon land therein described, was erroneous. Sellman v. Lee, 55 Texas, 319; Spiva v. Williams, 20 Texas, 442.

*Langford & Chesley,* for appellees.—Where the affidavit for attachment sets out the indebtedness as certain promissory notes, correctly describing them, giving date of execution, amount of each, rate of interest from date and concluding with statement that the amount of said notes on the 1st day of January, following, when the first note matured was a certain sum "exclusive of attorney's fees"—it states a definite and certain amount of indebtedness and is not subject to quashal. Willis v. Mooring, 63 Texas, 340; Muzenheimer v. Cloak & Suit Co., 79 Texas, 318; Gimbel v. Gomprecht, 89 Texas, 497.

When the applicant for writ of attachment "subscribes and swears to" his application it shows affirmatively that he swears positively to the statements in said application contained. The validity of a writ of attachment does not depend upon the truthfulness of the allegations in the affidavit or in the petition, but upon compliance with the statute in making the affidavit; and it was therefore, not error for the trial court to refuse to hear evidence on said affidavit. Gimbel v. Gomprecht, 89 Texas, 497; Cloud v. Smith, 1 Texas, 611; Dwyer v. Testard, 65 Texas, 452.

When the ground for the writ of attachment is sufficiently set forth in the affidavit no further pleading is required, as the court will foreclose the lien created by the levy of the writ, as a matter of right. DeCaussy v. Bailey, 57 Texas, 665.

KEY, CHIEF JUSTICE.—This is an attachment suit, the plaintiff's cause of action being one of debt evidenced by five promissory notes. As authorized by statute the suit was filed before either note was due, a writ of attachment being sued out at the same time. The attachment was levied upon certain real estate and personal property. After maturity of the notes there was a trial which resulted in a judgment for the plaintiff for his debt, interest and attorney's fees, amounting in the aggregate to $700.70, and the defendant has appealed.

We overrule all the assignments of error, except the fifth, which complains of so much of the decree as foreclosed an attachment lien in excess of $623.30, that being the amount for which the writ of attachment was sued out. The decree forecloses the attachment lien for the full amount of the judgment, which constitutes manifest error, and the judgment will be corrected in that respect.

We shall not discuss in detail the other assignments of error. We think the affidavit upon which the attachment issued stated a definite and specific amount of indebtedness, and no error was committed in overruling the motion to quash the attachment. There was no plea charging that the officer before whom the affidavit was made had made a false certificate or jurat; and, therefore, no error was committed in refusing to permit appellant to prove that the plaintiff J. L. Schooler, who made the affidavit, did not do so as certified to by the officer. The decree did not foreclose the lien upon the real estate, but upon the personal property only. It was not necessary for the plaintiff to file a pleading alleging that the attachment had been issued and levied upon the property (Frank v. Brown Hardware Company, 10 Texas Civ. App., 430, 31 S. W., 65).

The judgment is reformed so as to limit the foreclosure of the at-

tachment lien to $623.30; but as the court below would no doubt have corrected that error, if attention had been called to it, we do not think any costs should be taxed against appellees, and therefore, the costs of the appeal will be taxed against appellant, and, as reformed, the judgment will be affirmed.

*Reformed and affirmed.*