**ROBUCK v. RASMUSSEN et al.   (No. 6978.)**

(Court of Civil Appeals of Texas.   San Antonio.   June 6, 1923.)

**1. Attachment ⟨⟩154—Clerical error in date of return amendable.**

Recital in writ of attachment issued November 23 that it was returnable October 24 was manifestly a harmless clerical error, which could be corrected by amendment, especially where the sheriff properly made return before the first day of the next term, as required by Vernon's Sayles' Ann. Civ. St. 1914, art. 264, and therefore dismissal of writ on that ground was error.

**2. Appearance ⟨⟩9(7)—Motion of nonresident to quash attachment is an appearance for all purposes.**

When nonresident defendants, whose property within the state had been attached, appeared and filed a motion to quash the writ of attachment, they made an appearance in the case for all purposes, since they came to court asking affirmative action in their behalf, and the court should have proceeded to try the cause upon its merits no matter what its action was upon the motion to quash the attachment.

Appeal from District Court, Caldwell County; M. C. Jeffrey, Judge.

Action by E. A. Robuck against Emma Rasmussen and others. Motion to quash the writ of attachment sustained, and cause dismissed, and plaintiff appeals. Reversed and remanded.

Nye H. Clark, of Lockhart, for appellant.
C. F. Richards, of Lockhart, for appellees.

FLY, C. J. This is a suit on a note for $1,000 brought by appellant against Emma Rasmussen. It was alleged that the note was executed by Mrs. Rasmussen under her maiden name of Emma Chamberlain to E. B. Coopwood, and was signed by appellant as a surety, and he had when it became due paid off and discharged the same, but appellees had not repaid the amount to him. It was alleged that they lived in Vernon county, state of Missouri, and a writ of attachment was applied for and levied on certain land belonging to them in Caldwell county, Tex. It is recited in the judgment of the court that a motion of appellees to quash the writ of attachment was heard by the court and sustained although the motion nowhere appears in the

record. A motion to amend the affidavit in attachment was made by appellant, and this motion to amend was overruled, and the motion to quash was sustained, and the cause dismissed. The court held that it obtained jurisdiction over the persons of appellees only by virtue of the attachment, and when that was destroyed jurisdiction went with it.

[1] The motion to quash the attachment not appearing in the record, this court is not acquainted with its contents, but it may be gathered from the brief by both parties that the chief ground of the motion was that the writ of attachment was issued on November 23, 1921, and was made returnable on October 24, 1921, a month before it was issued. The return, however, was made by the sheriff to the proper term of the court. The date in the writ was undoubtedly a clerical one, and could have injured no one, and such an error is clearly amendable. Porter v. Miller, 7 Tex. 468; Whittenberg v. Floyd, 49 Tex. 633; Munzenheimer v. Cloak Company, 79 Tex. 318, 15 S. W. 389; McDaniel v. Cage (Tex. Civ. App.) 201 S. W. 1078; Wasson v. Harris (Tex. Civ. App.) 209 S. W. 758. The statute requires the true amount sued for to be placed in the writ of attachment, and if that can be amended a palpable clerical error like that of naming an impossible time for the court can and should be amended. The term of the court to which the writ is returnable is inserted in a writ to inform the sheriff as to his return; but no matter what date may be inserted in the writ the sheriff is commanded by law to make his return to the court from which it issued on or before the first day of the next term thereof. Vernon's Sayles' Civ. Stats. art. 264. No one was injured, no one was deceived by the clerical error in the writ, and appellees promptly showed up at the next term of the court and filed a motion to quash. Bank v. Still, 84 Tex. 339, 19 S. W. 479. The date in the writ was not intended for appellees, but to guide the sheriff, and, although incorrect, it did not even deceive or mislead the sheriff.

[2] We are of the opinion that when appellees appeared and filed a motion to quash the writ of attachment they made an appearance in the case, and were therein for all purposes. They came into court asking affirmative action in their behalf, and the court should have proceeded to try the cause upon its merits, no matter what its action may have been upon the writ of attachment. Hochstadler v. Sam, 73 Tex. 315, 11 S. W. 408; Sam v. Hochstadler, 76 Tex. 162, 13 S. W. 535; Arnold v. Pike (Tex. Civ. App.) 191 S. W. 207. While there may be no well-defined Texas decision directly on this subject, it is well established by other state courts.

The judgment is reversed, and the cause remanded.