### GERLACH–HIGGINS MILLING CO. v. SCHROCK et al. (No. 2542.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 11, 1925. Rehearing Denied Nov. 25, .1925.)

1. **Appeal and error** ⬅➡931(3)—**Absence of findings of fact does not warrant presumption of fact shown not to exist by statement of facts.**

Rule that, in absence of findings of fact and conclusions of law, judgment will be sustained if possible on any reasonable theory under pleadings and evidence, does not require presumption of fact, which statement of facts shows did not exist.

2. **Sales** ⬅➡181(12)—**Evidence held insufficient to show that engine did not measure up to representations.**

Evidence *held* insufficient to show that engine sold was not in condition and would not develop horse power represented.

3. **Sales** ⬅➡181(1)—**Buyer has burden of proof of fraudulent representations by seller.**

Defendant, in action for part of purchase price of engine, defending on ground that it did not measure up to representations alleged to have been falsely made, has burden of proof on such issue.

Appeal from District Court, Lipscomb County; W. R. Ewing, Judge.

Action by the First National Bank of Canadian against the Gerlach-Higgins Milling Company and John Schrock. From a judgment for plaintiff against John Schrock and in favor of John Schrock against the milling company, the milling company alone appeals. Reversed and remanded.

E. C. Gray, of Higgins, for appellant.

Hoover, Hoover & Willis and Frank Willis, all of Canadian, for appellees.

HALL, C. J. This suit was instituted by the First National Bank of Canadian against Gerlach-Higgins Milling Company, George Gerlach, and John Schrock, to recover the principal, interest, and attorney's fees of a promissory note executed the 2d day of March, 1923, by John Schrock in the sum of $1,000, payable to the order of the Gerlach-Higgins Milling Company, and transferred by said company for value, before maturity, without notice. The plaintiff bank further sought to foreclose a mortgage lien upon a certain Deisel engine, given to secure the payment of said note. The note upon which the bank's petition is based is one of two notes executed by John Schrock to George Gerlach and the milling company in payment of a 75 horse power Deisel engine which the milling company sold to Schrock on March 2, 1923, for the sum of $1,500. On that day Schrock also executed another note for $500, payable to the milling company, and which is also secured by the chattel mortgage. The note for $500 is the basis of the milling company's cross-action against Schrock.

Schrock answered the plaintiff's petition, admitting the execution of the note sued on, but alleging:

That prior to the time he purchased the engine for which the note was executed in part payment, Gerlach and the milling company falsely and fraudulently represented that the engine was in good mechanical condition. That it would deliver 75 horse power, and 10 per cent. in addition thereto. That in reliance on said representations the defendant Schrock wired George Gerlach as follows:

"Will accept engine and outfit aboard cars Higgins at $1,500. Engine to be proper mechanical condition as per conversation. $500 cash, $1,000 within year, engine security."

That the milling company, through George Gerlach, notified him that his proposition was accepted. He further alleges that he notified the agents of the milling company that he had a farm of 300 acres in Hale county, and that he was buying the engine for the purpose of irrigating the crops on said farm; that said agents represented that said engine was in good mechanical condition, and would furnish power to pump water for said irrigating purposes, and, relying upon said representations, he entered into a contract of purchase and accepted the engine, and caused 'the same to be shipped to Plainview; that each of the representations were false and fraudulently made; that he had tendered the engine to the milling company and prayed that the sale be rescinded; that he have judgment canceling the note, and damages against the milling company. He prayed, in the alternative, that, if the plaintiff bank should recover against him, he have judgment for the same amount over against the milling company.

George Gerlach and the milling company answered, denying that the telegram of Schrock, and the reply of George Gerlach by

letter, constituted the contract of sale. They further alleged that Schrock did not comply with the terms of the telegram and letter, in that he came to Higgins in November, 1922, represented that he was an expert engineman, and that he could tell when he saw the engine operated whether or not it would serve his purpose; that at the request of Schrock the engine was operated, and, after he had fully examined it as to its mechanical condition, he then and there agreed to purchase it, relying solely upon his own judgment; that about the 2d day of March, 1923, Schrock came to Higgins where the engine was still located, and brought an expert who examined the engine, and at that time Schrock closed the deal, executing the two notes aggregating $1,500.

It is further alleged that the engine was not worthless, but would have performed properly if it had not been exposed to the weather and had been properly managed by one who understood a Deisel engine.

It is further alleged that on August 16, 1923, Schrock entered into a compromise and settlement agreement whereby the $500 note was credited with certain amounts which Schrock claimed he was entitled to have set off against the same, that said credits were in full satisfaction of all damages and claims, and that, Schrock is thereby estopped from urging them in this suit.

Gerlach and the milling company reconvened, and by cross-action sued Schrock to recover the full amount due upon the $500 note and certain items of expense which it will not be necessary to set out here.

The case was tried by the court without a jury, and resulted in a judgment in favor of the plaintiff bank against the Gerlach-Higgins Milling Company and John Schrock for the full amount of the $1,000 note, with interest and attorney's fees. The court further decreed that the milling company take nothing as against Schrock upon its note for $500 and its claims for expenses, that said $500 note be canceled, and that Schrock recover over against the milling company any and all sums which he may be forced to pay in satisfaction of the judgment in favor of the bank. The milling company alone has appealed.

[1] No request was made that the court file findings of fact and conclusions of law, and none are in the record. The appellee insists that, since no findings and conclusions were requested or filed by the trial judge, it is the duty of this court to affirm the judgment if it can be sustained upon any reasonable theory set out in the pleadings and supported by the evidence. This is unquestionably the rule. But it is further the rule that, in the absence of findings by the court, where there is a statement of facts, as in this case, we cannot presume that to be a fact and a finding by the court, when the record before us shows that it is not a fact. Pre-

sumptions in support of judgments and of findings by the court are indulged in the absence of proof, and not against it. Garza v. City of San Antonio (Tex. Com. App.) 231 S. W. 697.

[2] Under appropriate propositions and assignments, the appellant, milling company, attacks the judgment upon the ground that the evidence fails to show that the engine would not develop 75 horse power when properly operated, and further fails to show that the engine was not in good mechanical condition when it was purchased. We think these contentions must be sustained.

Schrock testified that, when he purchased the engine, there was delivered to him a pulley wheel 42 inches in diameter; that this wheel was shipped to Plainview with the engine. He says, however, that it was never used in testing the engine and in fact was never carried to his farm, but was unloaded from the car and left in the railroad yard at Plainview; that he ordered a pulley wheel 84 inches in diameter from St. Louis, with which he equipped the engine instead of using the 42-inch wheel.

The record discloses that, when George Gerlach was informed that Schrock had discarded the wheel which was originally on the engine and was going to use an 84-inch wheel, he wrote him a letter protesting and advising against such a course, and told him the old wheel could be acetylene welded and would be as good as ever. Schrock admits getting this letter. There is an abundance of evidence in the record to show that, after the larger wheel was placed upon the engine, it did not develop the power necessary to operate the irrigation pump, and failed to do satisfactory work. Schrock admitted upon the stand on cross-examination that he did not know whether increasing the circumference of the wheel on the engine would increase or diminish the power of the engine.

George Gerlach testified that he had been selling and operating Deisel engines for about 15 years, and that the effect of doubling the size of the pulley wheel or band wheel upon the engine was to greatly diminish its pulling power in operating the pump. He further testified, without contradiction, that to substitute a 7-foot wheel for a 42-inch wheel, increases the weight and makes the engine pull harder and will throw the machinery out of balance, causing the engine to lose its power.

The testimony of several of Schrock's witnesses, who showed that they were familiar with the operation of such machinery, strongly corroborated Gerlach upon this point.

[3] The burden rests upon Schrock to show that the engine failed to operate in accordance with the representations which he says were false and fraudulently made. We think he has utterly failed to do so. There is no proof whatever that the engine would

not have operated properly and developed 75 horse power if it had been used with the 42-inch band wheel which was originally part of the engine. The proof does show that the 84-inch wheel would, in the opinion of experts, affect its operation and lessen the power; and the evidence of Schrock and some of his tenants and neighbors shows that with the 84-inch wheel the engine did not develop sufficient power to operate the pump. Upon this material issue in the case the judgment is contrary to all the evidence, and it will therefore have to be reversed.

The letter written by the witness Wright to Gerlach was irrelevant testimony, and, we think, was prejudicial to appellant, and should not have been admitted.

Discussion of the remaining propositions would require us to express an opinion upon the weight and sufficiency of the evidence, which is conflicting upon the issues presented. They will therefore not be discussed.

For the errors indicated, the judgment is reversed, and the cause remanded.