**COOK v. WACO AUTO LOAN CO. et al.\***
(No. 568.)

Court of Civil Appeals of Texas. Waco.
Oct. 13, 1927.

Rehearing Denied Oct. 27, 1927. Application for Writ of Error Filed Nov. 3, 1927.

1. **Judgment ⬰99—Court had jurisdiction to render default judgment at any time after service of citation became complete and date set for answer had arrived.**

In action on note, court had jurisdiction to render judgment by default, after service of citation and defendant's failure to answer, at any time after service was complete and date on which defendant was required to answer had arrived.

2. **Attachment ⬰217—Court had jurisdiction to foreclose attachment lien prior to date of commencement of term of court at which attachment was made returnable (Rev. St. 1925, arts. 277, 282, 284, 289, 298, 300, 2022, 2286).**

In action on note in which attachment was issued, returnable at date of commencement of next term of court, court nevertheless had jurisdiction to foreclose attachment lien prior to return date, in view of Rev. St. 1925, arts. 2022, 2286, differentiating writ from citation, and articles 277, 282, 284, 289, 298, 300, under which date of beginning of next term of court is merely inserted as guide to sheriff and under which sheriff may make return immediately.

3. **Attachment ⬰143—Remedy of attachment continues from beginning of suit until right to execution accrues (Rev. St. 1925, art. 277).**

Right to remedy of attachment continues from beginning of suit until right to execution accrues thereon under Rev. St. 1925, art. 277.

4. **Attachment ⬰206, 211—Plaintiff need not file pleading alleging attachment levy or give notice of levy to defendant.**

Plaintiff in attachment suit need not file pleading alleging that attachment has been issued on defendant's property, or give notice of attachment to defendant.

5. **Attachment ⬰153—Writ of attachment may be made returnable immediately (Rev. St. 1925, arts. 282, 284).**

Though no judgment can be rendered on cause of action until beginning of next term, writ of attachment may be made returnable immediately under Rev. St. 1925, arts. 282, 284.

Error from District Court, McLennan County; Giles P. Lester, Judge.

Suit by the Waco Auto Loan Company and others against T. H. Cook. Judgment for plaintiffs, and defendant brings error. Affirmed.

F. M. Fitzpatrick, of Waco, for plaintiff in error.

W. H. Earle, and Bryan & Maxwell, all of Waco, for defendants in error.

STANFORD, J. The Waco Auto Loan Company, a partnership, as plaintiff, but hereafter referred to as defendants, filed this suit on May 4, 1926, against plaintiff in error, who will hereafter be designated plaintiff. This suit was upon a note for $1,200, executed by plaintiff, due on demand, with interest and attorney's fees, etc. Citation was duly issued and served on plaintiff on May 5, 1926, commanding him to appear to answer said suit at the next term of said court, which convened on June 14, 1926. Plaintiff never at any time filed any answer or entered any appearance. On November 1, 1926, no judgment in

said cause having been taken, defendants sued out an attachment, returnable to the next term of said court, which would convene on December 13, 1926. This attachment was received by the officer on November 3, 1926, and on the same day levied upon certain personal property of plaintiff, and on the same day duly returned. On November 4, 1926, judgment by default was rendered against plaintiff for the amount of the note sued on, and the attachment lien on said personal property foreclosed. On April 26, 1927, appeal by writ of error was duly perfected, and assignments of error filed by plaintiff, and the record is now properly before this court for review.

[1] Under plaintiff's first assignment, he contends that, under the facts above stated, the court had not obtained jurisdiction, and that therefore said judgment was in all things void. Service on plaintiff was complete for the term of court beginning June 14, 1926, so the court had jurisdiction of the defendant, plaintiff herein, and also of the subject-matter of the suit—that is, of the note sued upon, the same being for $1,200 (see Crow et al. v. Van Ness [Tex. Civ. App.] 232 S. W. 539)— and, no answer being filed, the court had the right to render judgment by default for the amount of said note on June 15, 1926, or any date thereafter. So the judgment rendered against plaintiff on November 4, 1926, for the amount of the note sued upon, including interest and attorney's fees, is, in any event, a valid judgment.

[2] As we view the case, the only question of any importance is, Was it error for the trial court to foreclose the attachment lien on November 4, 1926, when said attachment was made returnable on December 13, 1926? Of course, if a citation returnable December 13, 1926, was issued in a cause and served on a defendant therein, and a judgment rendered in said suit by default on November 4, 1926, such judgment would be void; but there is no analogy between a citation and a writ of attachment. A citation is to be served on the defendant to give him notice that he is sued, the nature of such suit, and the time for him to appear and answer. By the service of such citation as provided by law, the court acquires jurisdiction over the defendant and the subject-matter of the suit. The requisites of a citation and other process required to be served upon the defendant to give him notice of a suit or of some action to be taken therein are prescribed by articles 2022 and 2286, Revised Statutes 1925, while an attachment is not intended to be served on, or to give notice to, defendant, but is to be used "to seize and hold his property for the payment of the debt, to collect which suit is brought." 6 C. J. p. 29. In other words, an attachment is more in the nature of an execution issued before judgment, designed to seize property in order to insure its being applied to the satisfaction of the judgment when rendered. Our statutes provide:

"The writ of attachment shall be levied in the same manner as is, or may be, the writ of execution upon similar property." Article 289, Revised Statutes 1925.

[3, 4] The statute does not provide any particular form of writ that shall be used, but does provide a form that may be used. Article 284, Revised Statutes 1925. An attachment "may be issued in a proper cause either at the commencement of the suit or at any time during its progress." Article 277, Revised Statutes 1925. The right to the remedy continues from the beginning of the suit until the right to an execution accrues. Coleman v. Zapp (Tex. Civ. App.) 135 S. W. 730; also Coleman v. Zapp et al., 105 Tex. 491, 151 S. W. 1040. Where attachment process has been issued in an action on notes, it is not necessary for the petition to allege that fact and to pray for foreclosure. So it was not necessary in this case for defendant to file a pleading alleging that the attachment had been issued and levied upon plaintiff's property, and, this being true, it necessarily follows that it was not necessary that any notice of said attachment be given to plaintiff. Frank v. Brown Hdw. Co., 10 Tex. Civ. App. 430, 31 S. W. 64; Awalt v. Schooler et al., 61 Tex. Civ. App. 91, 128 S. W. 453; Moss v. Katz, 69 Tex. 411, 6 S. W. 764.

[5] Our statutes do not require a writ of attachment to be made returnable to the next term of court, but it may be made returnable on any date specified prior thereto. Articles 282 and 284, Revised Statutes 1925. Such writs are usually made returnable to the next term, because same are usually sued out on the institution of the suit, and no judgment can be rendered on the cause of action until the beginning of the next term. But such writ may be made returnable instanter. Panhandle Nat. Bank v. Still, 84 Tex. 339, 19 S. W. 479; H. B. Claflin Co. v. Kamsler (Tex. Civ. App.) 36 S. W. 1018. Neither does our statute require the return of such writ by the officer to be made at any specified time, but only prescribes the maximum time within which such return must be made. Article 298, Revised Civil Statutes 1925. The date of the beginning of the next term of the court stated in an attachment we think is not intended for the defendant in attachment or any kind of notice to him, but is to guide the sheriff, that he may know the limit of time within which to make return. Robuck v. Rasmussen (Tex. Civ. App.) 251 S. W. 1115. This suit having been filed May 4, 1926, upon a promissory note executed by defendant, plaintiff herein, service having been complete for the June term of said court, beginning June 14, 1926, the writ of attachment sued out November 1, 1926, could have been made returnable instanter, or any date after its date prior to the beginning of the next term.

As there is no provision is our statutes for giving any notice of an attachment or of the return date for same to the defendant in such attachment, and the return date is stated in such process, not for his benefit, but for the benefit of the officer in making his return, we think, as to such defendant, the return date is an immaterial matter. The officer received said attachment on November 3d and on the same day executed same by levying upon personal property of plaintiff, and on the same day, as he had the right to do, duly returned same. An attachment lien immediately accrued on the levy of said writ. Article 300, Revised Civil Statutes 1925. So on November 4, 1926, why should the court not render judgment for the amount of the note sued upon and foreclose the attachment lien? The court had jurisdiction of the defendant, plaintiff herein, and had so had since June 15, 1926. He also had jurisdiction of the subject-matter of the suit, the $1,200 note, which was long past due. The attachment lien, which was only an incident of the subject-matter of the suit, had attached, and was as perfect as it would ever be. We see no sufficient reason why the court should not proceed to render the judgment he did render. If the defendants had taken a judgment only for the amount of the note—and they clearly had this right—by making the proper affidavit, they could at once have had execution issued and levied upon the same property and had it sold in satisfaction of said judgment; or, without such affidavit, they could have had execution issued on the same date the order of sale was issued, and the property sold under said execution on the same date it was sold under order of sale. If the property was exempt to plaintiff, he has his remedy. The affidavit and bond for attachment are valid, and plaintiff's objections to same are not well taken. We think no reversible error is shown.

The judgment is affirmed.

GALLAGHER, C. J., not sitting.