## WARDLAW v. FARMERS' & MERCHANTS' BANK CO.

### No. 986.

Court of Civil Appeals of Texas. Waco.

Dec. 31, 1930.

**420**

W. H. Lipscomb, of Fort Worth, for appellant.

Frank B. Potter and Alva W. Bounds, both of Fort Worth, for appellee.

GALLAGHER, C. J.

This suit was instituted by appellee, the Farmers' & Merchants' Bank Company, a corporation, against appellant, L. J. Wardlaw, on nine promissory notes executed by Calhoun Rubber Company, a corporation, to Thomas Rubber Company, and indorsed in blank by appellant, and another promissory note executed by H. L. Wall to said Calhoun Rubber Company, and indorsed by it and also by appellant. Appellee alleged that it was the owner and holder of said notes; that it acquired the same before maturity for a valuable consideration and subsequent to the indorsement of the same by appellant; and that the sum of $4,572.24, together with interest and attorney's fees, was then due thereon. Appellee alleged that the Calhoun Rubber Company, the Thomas Rubber Company, and said H. L. Wall were all insolvent. None of them were made parties to this suit.

There was a trial to the court. Appellant presented a general demurrer to appellee's petition, which was overruled, and judgment rendered on evidence in favor of appellee against appellant for the sum of $7,411.

■ Appellant presents a single assignment of error, in which he complains of the action of the court in overruling his general demurrer. He presents appropriate propositions thereunder, in which he contends that appellee's petition was insufficient and failed to state a cause of action against him, in that the same showed on its face that he was only an indorser on the notes sued on and failed to show that his liability thereon had been fixed in the manner required by law, or to show facts excusing such omission. Generally speaking, where it is sought to charge an indorser, presentment, demand, nonpayment, and notice thereof are conditions precedent to his liability and must be alleged, or a sufficient excuse for the omission must be stated. Appellee's allegations showed that appellant was merely an indorser on all the notes sued on, and as such only contingently liable. Appellee nowhere alleged that such liability had been fixed in the manner required by law as aforesaid, nor the existence of circumstances which would excuse such action. Appellant's general demurrer should therefore have been sustained. First Nat. Bank v. Lee County Cotton Oil Co. (Tex. Com. App.) 274 S. W. 127, 131 et seq.; First State Bank v. Ovalo Warehouse Ass'n (Tex. Civ. App.) 276 S. W. 773, 775, pars. 4 and 5; Dunn v. Townsend (Tex. Civ. App.) 163 S. W. 312, 313; 6 Tex. Jur. p. 761, § 132; Id., p. 918, et seq., §§ 253 and 254 and authorities there cited.

■■ Appellee seeks to sustain the action of the court in overruling appellant's general demurrer on the ground that under the terms and provisions of the notes sued on neither presentment or demand for payment nor notice of dishonor were necessary. The notes offered in evidence all contained a waiver of demand and notice of nonpayment. Our statutes provide that presentment or demand for payment may be dispensed with by waiver, either express or implied. R. S. art. 5937, § 82. They further provide that notice of dishonor may be waived, and that, when such waiver is embodied in the instrument itself, it is binding on all parties, including indorsers. R. S. art. 5938, §§ 109 and 110. Our courts have held that in such cases the indorser becomes in legal effect a principal obligor, and that presentment and notice of nonpayment are unnecessary. Blucher v. Eubank (Tex. Com. App.) 5 S.W.(2d) 972, 973; Bank of Fredericksburg v. Knopp (Tex. Civ. App.) 256 S. W. 319, 320, par. 1; Smith v. Pickham, 8 Tex. Civ. App. 326, 28 S. W. 565, 566, par. 2; Leeds v. Hamilton Paint & Glass Co. (Tex. Civ. App.) 35 S. W. 77, 78. Appellee, however, did not plead that provision of the notes sued on. Properly pleaded, it would have shown ample and sufficient reason for failure to allege presentment, nonpayment and notice thereof to appellant, and would have shown an immediate right of recourse to him. R. S. art. 5937, § 84. We cannot look to the evidence subsequently admitted to sustain the action of the court in overruling appellant's general demurrer. Appellee's recovery against him must be supported by affirmative averments in his petition. Evidence and judgment cannot cure the omission of a necessary substantive allegation. Schuster v. Frendenthal & Co., 74 Tex. 53, 55, 11 S. W. 1051.

The judgment of the trial court is reversed and the cause remanded.