## CENTRAL TEXAS ICE CO. v. THOMAS.
### No. 1302—5796.

Commission of Appeals of Texas, Section B.
Jan. 6, 1932.

Woodruff & Holloway, of Brownwood, for plaintiff in error.

Callaway & Callaway, of Brownwood, for defendant in error.

SHORT, P. J.

The only question presented by the application for writ of error in this case is whether the defendant in error, J. L. Thomas, is legally liable to the plaintiff in error to pay $1,000 which the plaintiff in error claims it was compelled to pay as an attorney's fee in order to prevent certain property, which the plaintiff in error had purchased from the defendant in error, from being subjected to foreclosure proceedings in order to collect the $1,-000. The plaintiff in error paid the $1,000, according to his claim, under protest, in order to prevent its property from being subjected to foreclosure of a mortgage lien on the property. In the original suit, filed in the district court of Brown county, there are other items which the plaintiff in error claimed, but they are not involved here. The case was tried in the district court without the aid of a jury, and a judgment was rendered in favor of the plaintiff in error for $80. The original claim amounted to several thousand dollars. The plaintiff in error appealed to the Court of Civil Appeals of the Third District at Austin, where the judgment of the district court was affirmed. The opinion of the Court of Civil Appeals gives a full statement of the case, and only a brief statement is necessary to be made here. 29 S.W.(2d) 434.

The defendant in error agreed to sell, and the plaintiff in error agreed to buy, a certain ice factory in Brownwood, the purchase price being $90,000. This agreement was made on December 3, 1926. In this agreement it was stipulated that the transaction should be closed on the 15th day of December, 1926, and it was closed on that day by the defendant in error executing a warranty deed in favor of the plaintiff in error, and by the latter paying the defendant in error $15,000 in cash, and, among other things, agreeing to pay twelve certain notes, all of which were then past due, executed by the defendant in error to the Baker Ice Machine Company. These notes provided for the payment of attorney's fees, the amount not stipulated, in the event they were placed in the hands of an attorney for collection. On December 6, 1926, these notes were placed in the hands of an attorney for collection and both parties were notified that they must be paid by the 15th of December, 1926, in which event no attorney's fees would be charged, but that if they were not immediately paid, after the transaction was closed, then there would be attorney's fees charged. It is the contention of the defendant in error that the plaintiff in error agreed to take up these notes immediately after the transaction was closed, in which event there would be no attorney's fees, but that the plaintiff in error negligently failed to pay these notes immediately after the transaction was closed, waiting three days, and in the meantime suit had been instituted on the notes, and $1,000 attorney's fees, which was a reasonable charge, had accrued. It is the contention of the plaintiff in error that the notes themselves, having stipulated for the payment of attorney's fees, and the conveyance which the plaintiff in error accepted to the property, having stipulated that it was to pay a certain sum to Baker Ice Machine Company, which sum was $1,000 less the amount it was compelled to pay, according to the terms of the deed it was only liable to pay the sum stipulated, and that, having been compelled to pay a larger sum, in order to protect the property from foreclosure proceedings, the defendant in error thereby became liable to it for this excess payment.

The plaintiff in error presents only two assignments of error and supports each of these with a proposition. The first proposition under the first assignment of error is

as follows: "A person conveying property by general warranty deed covenants that the property is free of encumbrances except as to indebtedness recited in the deed; and the amount of indebtedness provided in the deed and assumed by the grantee not having included attorney's fees, and the attorney's fees having accrued prior to the execution and delivery of the deed, the purchaser, upon being required to pay the attorney's fees, was entitled to recover from the seller the amount so paid in excess of the amount assumed by him."

The proposition under the second assignment of error is as follows: "The trial court having found that the notes provided that the maker should pay an additional amount as attorney's fees if an attorney be employed to collect or assist in collecting them, that the notes were all past due and unpaid on December 3, 1926, that they were placed in the hands of an attorney for collection on December 6, 1926, and that a deed was executed on December 13, 1926, and delivered on December 15, 1926, it cannot be presumed, in support of the judgment, that the attorney's fees had not accrued until after the deed was accepted."

The plaintiff in error cites the following authorities in support of its propositions: Smith v. Pickham, 8 Tex. Civ. App. 326, 28 S. W. 565; Gerlach-Higgins Milling Company v. Schrock (Tex. Civ. App.) 277 S. W. 199; Walker v. Hopping (Tex. Civ. App.) 226 S. W. 146; Garza v. City of San Antonio (Tex. Com. App.) 231 S. W. 697; Simmons v. Terrell, 75 Tex. 275, 12 S. W. 854; Panhandle Bank v. Still, 84 Tex. 339, 19 S. W. 479; Stansell & Younger v. Cleveland, 64 Tex. 660—and from these authorities it deduces the general principle that an appellate court cannot presume, in support of a judgment, that the trial court found as a fact that which the record shows was not a fact. We agree with this statement, of the rule, and the only question for us to decide is whether the record shows the existence of any testimony supporting the judgment of the trial court with reference to the claim for the attorney's fees which it was compelled to pay. If, as claimed by the plaintiff in error, the trial court found as a fact that which the records show was not a fact, then the judgment must be set aside, because the trial judge would not be authorized to render a judgment contrary to the facts shown by the record.

S. L. Morgan and L. F. Troxel represented the plaintiff in error in the transaction in the purchase of the property from the defendant in error, who represented himself. The preliminary contract, dated December 3, 1926, among other provisions, stipulated that Troxel, evidently acting for the plaintiff in error, was "to assume certain indebtedness owing by the said J. L. Thomas to the Baker Ice Machine Company of Fort Worth of the ap-

proximate amount of $13,000.00." It seems that Mr. Rasmussen represented the Baker Ice Machine Company, and that both plaintiff in error and defendant in error had been informed before the transaction had been closed that the Baker Ice Machine Company was insisting that the notes should be paid before the transaction was closed, or immediately after it was closed, in which event there would be no attorney's fees charged, though the record does show that the notes had already been placed in the hands of an attorney, but this attorney had notified the parties that, if the notes were paid off immediately after the transaction was closed, or immediately before it, there would be no charge for attorney's fees. Speaking of this matter, Mr. Thomas, the defendant in error, among other things, testified as follows: "I did not tell Mr. Troxel that I was going to pay that $1,300.00 attorney fee; I never told him anything of the kind. I said to him that there would be attorney's fees against these notes if they were not paid by the 15th. * * * I told Mr. Troxel that there had been quite an objection to the transaction with reference to paying these notes off. Mr. Rasmussen had made that objection and Mr. Hendricks (Hendricks was the lawyer representing Baker Ice Machine Company). I told him that they had made it to me, that the notes had not been paid. That is what I told Mr. Troxel at that time, that they were not being paid and I did not feel justified in closing that deal unless I knew that the Baker Ice Machine Company was going to be taken care of and that the notes would be paid, and he assured me that they were being taken care of in Fort Worth at that time. I do not just exactly remember his words. He said that they would pay that right immediately. There was a conversation came up between me and Mr. Troxel about this and he told me before I signed the deed that they would pay that Baker Ice Machine indebtedness right immediately. Before I signed the deed I told him that I wanted to know if they were going to pay these notes to the Baker Ice Machine Company, and that was his answer. As to what was said about the attorney fees, he said something about that the notes, possibly, that they were holding back payment of the notes for some cause or other. I do not know what the cause was that they were holding back payment of these notes, but he assured me that they were going to be paid, and I told him that Mr. Rasmussen said if they were paid at once that there would be no attorney's fees. He assured me that they were going to be paid, and that negotiations were going on in Fort Worth at that time. And that these notes would be paid at once. After I had that assurance I signed the deed. I refused to sign the deed until he made it clear to me that these notes were going to be taken care of, and the Baker Ice Machine Company indebtedness paid."

Evidently the trial judge, in declining to give judgment in favor of the plaintiff in error for the amount of attorney's fees claimed, must have based his judgment in part upon this testimony above quoted. Assuming that he construed this testimony to be true, he was justified in concluding that, had the plaintiff in error immediately paid to the Baker Ice Machine Company the amount due on the notes, as principal and interest, which was the amount due thereon at the time the deed was executed, no attorney's fees would have been charged. The trial judge, with this testimony before him, was also justified in concluding that the plaintiff in error was negligent in failing to pay the principal and interest due on these notes immediately after closing the transaction with the defendant in error, and that this negligence was the proximate cause of the charge being made for attorney's fees, for which the notes provided.

Among other findings of fact filed by the trial judge he found that on December 15, 1926, at the time the deed was delivered by the defendant in error to the plaintiff in error, and at the time the $15,000 was paid by the latter to the former, there was a discussion between Troxel, representing the plaintiff in error, and Thomas, as to the payment of attorney's fees for which the notes provided.

Without further discussion of the legal principle advanced by the plaintiff in error, or of the cases cited in its brief, we have reached the conclusion that the judgment of the trial court, which was affirmed by the Court of Civil Appeals, does not violate the well-settled rule that an appellate court cannot presume in support of a judgment that the trial court found as a fact that which the record shows was not a fact. It may be true, and probably is, because the trial judge so found in his findings of fact, that the plaintiff in error did not agree to pay any attorney's fees on these notes, but that was not the issue, under the phase of the case as made by the testimony. The defendant in error had agreed to pay attorney's fees when he executed the notes upon the happening of a certain contingency. That contingency had happened, but the owner of the notes had agreed that no attorney's fees would be charged, provided the amount of the principal and interest due on the notes should be paid by December 15, 1926. The testimony justifies the conclusion, in support of the judgment of the trial court, that the trial judge found that the plaintiff in error had knowledge that no attorney's fees would be charged against the defendant in error, provided that payment of these notes should be made on a certain date, and that he agreed to make this payment on that date, having information at the time that by doing so there would be no attorney's fees charged, and that the plaintiff in error, having negligently failed to make payment of the principal and interest due on these notes, on December 15, 1926, in consequence of which attorney's fees became payable, it thereby became liable to pay said attorney's fees on account of its own negligence. To make the defendant in error liable to the plaintiff in error, under such circumstances, would be to permit the plaintiff in error to reap a benefit from its own wrongful act to the detriment and at the expense of another.

Believing that the Court of Civil Appeals was correct in affirming the judgment of the trial court in so far as these attorney's fees are concerned, which is the only question presented by the application for the writ of error, we recommend that the judgments of both courts be affirmed.

CURETON, C. J.

Judgments of both courts affirmed, as recommended by the Commission of Appeals.