### TRADERS & GENERAL INS. CO. v. COSSMAN.

#### No. 11994.

Court of Civil Appeals of Texas. Galveston.

June 24, 1948.

Rehearing Denied July 15, 1948.

Nussbaum, Piperi & Licata, of Galveston, and F. Warren Hicks, of Houston, for appellant.

Helm & Jones, of Houston, and Markwell & Stubbs, of Galveston, for appellee.

GRAVES, Justice.

This is a workmen's compensation case instituted in the Court below by Frank P. Cossman, the plaintiff, against Traders and General Insurance Company, the defendant, same being an appeal from an award of The Industrial Accident Board, which awarded plaintiff Five Hundred ($500) Dollars.

Upon trial de novo to a jury in the District Court of Galveston County, a verdict was rendered containing findings that plaintiff was totally and permanently disabled and awarding a lump sum settlement.

Judgment was entered by the trial court in accordance with the verdict.

Motion for new trial was overruled by the trial court, and this cause was regularly brought to this Court for review upon appeal.

It was appellant's contention in the trial court that the accidental injury sustained by appellee was not the producing cause of appellee's disability, if he were suffering from any disability, at the time of the trial. Appellant further contended that appellee had recovered from the injury he received, and in any event his disability was partial

disability and that same was temporary. Likewise by this appeal appellant complains of the conduct of two of the jurors who tried the case in failing to disclose pertinent facts sought to be elicited from them upon their voir dire examination, as well as errors of the trial court in overruling appellant's motions for mistrial, motion for physical examination and prejudicial arguments of appellee's counsel.

"First Point. The trial court erred in overruling defendant's motion for a mistrial based upon the misconduct of the juror, H. W. Spratling, in failing to disclose on voir dire examination the fact that he had had two prior injuries to his back, one as a result of cordwood having fallen on his back, and the other as a result of an automobile collision, when said juror was interrogated concerning prior injuries, and particularly prior injuries to his back, said motion having been made as soon as defendant's counsel learned that said juror had concealed the facts of his prior injuries, and at a time prior to the case having been submitted to the jury by the Court in its charge, the fact of said concealment and said prior injuries, as well as the juror's present physical condition having been brought to the attention of the Court in the Court's chambers in connection with defendant's motion for mistrial.

"Second Point. The Trial Court erred in not granting appellant a New Trial because the juror, H. W. Spratling, who participated in the verdict in the case concealed material information on his voir dire examination concerning his personal background, prior injuries, qualification, interest and prejudice as a juror, in that he concealed the fact that he had had two previous injuries to his back and at the time was suffering pain in his back of a severe nature, that he had been treated for said injuries, had had X-rays made of his back, and that his present condition was such that while sitting in the jury box, his back was hurting him so bad that he could not sit still, which information, if revealed by the juror, would have caused appellant's attorneys to exercise a peremptory challenge against him, all to prejudice of appellant."

As the quoted points-of-error directly indicate, the appellant, immediately upon its counsel's having overheard a conversation between the juror Spratling and one of the medical witnesses for the appellee "concerning some X-ray pictures the latter had had made of his back," in the courtroom during an interim in—prior to the conclusion of—the trial, filed its motion for a mistrial of the cause; grounding it upon the claim for misconduct on that juror's part, in that he had, on his voir dire examination, concealed the facts that he had, prior thereto, suffered two back injuries, and, further, that he was then also suffering from a serious back ache.

The Judge of the court thereupon called the counsel for both sides, such juror, and the physician referred to, before him in his private office, and literally cross-examined all of them as to the facts underlying, connected with, and dominating such charges; following such extended inquiry, the evidence so heard (the trial court not having placed any of the witnesses under oath, but all parties having accepted the testimony of all the other witnesses in the hearing, including the Judge himself, as if they had been so sworn to), was, on the 28th day of October, 1947, incorporated into appellant's bill of exceptions No. 1, which comprehends the entire evidence heard upon such mistrial motion.

Thereafter, upon the hearing of appellant's amended motion for a new trial, on November 26 of 1947, it was overruled by the court, under this agreement concerning such prior testimony at the mistrial hearing, to-wit:

"Mr. Hicks: It is my understanding that all of the testimony heretofore had in the Court's Chambers on our motion for mistrial will be considered by the Court in connection with this matter? [the hearing on motion for new trial.]

"The Court: That is true."

It would serve no indispensable purpose to undertake here to detail, or even to compose, a comprehensive resume of such testimony, since in some features the respective counsel for the parties were in disagreement as to just what occurred; for instance, it was appellant's counsel's contention that they had upon his voir dire examination, asked the witness Spratling

if, before then, he had had serious back-injuries, or any back injuries at all; whereas, the appellee's attorney insisted that he had only in substance been asked "as to whether or not he had ever previously been seriously injured, or had received injuries resulting in the payment to him of compensation insurance".

It is this Court's conclusion from the record as a whole that such differences between the respective counsel of the parties became immaterial, or at least of no controlling nature here, for these reasons:

(1) The bill of exceptions so referred to (appellant's bill No. 1) not only contained all the evidence upon that question as to such juror's alleged misconduct, but the bill was signed, found correct, and so approved by all the attorneys for the appellant on the one hand, and the appellee on the other; whereupon, it was then formally approved and ordered filed as such part of the record by the district judge, who had so conducted the hearings, both upon the appellant's motions for mistrial and for a new trial;

(2) Since such juror Spratling was called and re-called by the judge and thoroughly examined and cross-examined, not only by attorneys for both sides, but by the judge himself, as to just what had occurred, the upshot of the whole hearing appears to this Court to have undisputedly brought out these facts: (a) that the juror Spratling had had two serious back injuries prior to the time he was interrogated on his voir dire examination; (b) that at the very time such juror was serving on this jury he was suffering from a severe back ache, and that the condition of his back—as he himself so stated it—was so serious that he could not sit still in the jury box, and further, that it interfered with his sleeping at night.

These excerpts from his testimony so reflect: "I have a bad back ache; I wanted to get X-rayed. You see, I was injured some years ago, and my back hurts me. My back was hurting so bad during this case that I was sitting in the chair there squirming. Maybe you all noticed me sitting over to one side. I have a bad back ache and I can't sleep."

"Well, he said 'serious.' I am still working on my job. I interpreted it to mean serious enough to knock me out, but I am hurt bad enough that after work I can fall asleep on the bus riding home and the bus-driver will have to wake me up to get off. I would consider that in my humble opinion that wouldn't be considered critical or serious, if I was still working on my job and making my family and me a living, but it is serious enough that I have gone to doctors and had X-rays made to see if I can get cured. * * *"

"* * * I never have had a doctor tell me I had back-trouble, and I haven't told the doctor I had back trouble. I told the doctor that I was sure it was my backbone, but I told him I would like to have it examined and X-rayed, to find out what was the matter with it. When I was younger, I had a large stack of cordwood fall on my back. I also had a truck turn over on me and drag me; the truck was dragging on my back, * * *."

On the coming in of these stated developments, as the bill of exceptions further reflects, the trial judge, as ad interim to the hearing on the motion for mistrial, thus ruled upon the matter:

"* * * Whether this juror was specifically asked the question of whether or not he had had a back-injury, and since this suit involves a back-injury, and since the whole purpose of the voir dire, whether oversight or lack of skill in the examination, or what not, this information was not specifically elicited from this particular juror; and, of course, he has now stated that he now has a back-injury, which has given him a great deal of trouble, I think, only justice would require that either you gentlemen agree to proceed with eleven men, or that I declare a mistrial."

Even after that, the court called this juror back again to testify upon a further detail raised by appellee's counsel, without changing his stated findings, and repeated to the juror himself his before-stated conclusion, this way:

"* * * it would not be fair to the parties to have you on the jury. I am going to excuse you, Mr. Spratling, and I am going to make this request, that you not discuss what has gone on in here with any of the other jurors."

Thereupon, after appellee's counsel questioned the court's right "to excuse the juror, over the objection of a party to the suit, and proceeding with 11 men," and after Mr. Hicks, for the appellant, had stated his unwillingness to agree to trying the case before 11 men, the judge recalled the witness Spratling, announced to him he was not excused, and then forthwith overruled the motion for mistrial.

█ It is held that the court erred; that it should have sustained the motion, discharged the jury, and entered the mistrial appellant so sought.

The extended hearing the trial judge so conducted not only convinced him, as his quoted statement makes very clear, that it was unfair to the parties to leave Mr. Spratling on the trial jury, but it further indisputably showed that the juror himself, mayhap in good faith, had taken it upon himself to determine in his own mind that the two back injuries and the backache that he subsequently disclosed to the trial judge—after so going in and coming out of many different mental states about the matter—were not such as he should tell about. However that may be, it is clear that such conduct constituted a violation of the oath he took on his voir dire, under Rule 226, Texas Rules of Civil Procedure.

Indeed, when the brush of the hearing on the motion for mistrial was so finally cleared away, the resulting factual situation, in its essence, is held to have furnished the counterpart to that which controlled the decision of this Court, through its Chief Justice, in the recent case of Texas Employers' Ins. Ass'n v. Wade, Tex.Civ. App., 197 S.W.2d 203, w/e refused, n.r.e; in other words, the controlling facts here, as so recited supra, simply constituted the legal equivalent of those in that case, where the jurors were asked if they had ever had any claims for workmen's compensation benefits, whereas here, Mr. Spratling, in a back injury case, was merely asked whether he had ever had any serious back injuries, or backaches.

Since this Court has so fully and satisfactorily, in the Wade case, discussed the law upon what is thus held to be, in effect, the same state of facts on the question here involved, under the citation of numerous holdings from courts and text-writers, no further authority is deemed necessary.

There were other jurors cited on like counts in this suit, and there were other questions involved; but since, under the holding already made, appellant was not only deprived of his constitutional statutory guarantee of the trial of his case before a fair and impartial jury of 12 members, but further, the jury itself must be held to have been improperly constituted, no further inquiries need be pursued. Vernon's Texas Civil Statutes, Articles 2134, 2191; Rules 226 and 327, Texas Rules of Civil Procedure; American Jurisprudence, Vol. 31, P. 638, Sec. 108, and Vol. 39, p. 65, Sec. 45.

That the withheld information was material to appellant's rights goes without the saying; this because its pleadings and the uncontroverted testimony in support showed that, had it had such information in advance, it both could and would have exercised its existing right to cut such juror off by a peremptory challenge.

Moreover, in 2 separate paragraphs of its amended motion for a new trial, appellant has assigned as error the refusal of its motion for a mistrial, and the bill of exceptions to that refusal had so become part of the statement of facts on the new trial hearing also.

█ So that, the evidence of the concealment, and exactly what it was, having thus come here as a part of that record, no presumption contrary thereto could be indulged from the trial court's having overruled the motion for new trial without comment. Gerlach-Higgins, etc., v. Schrock, Tex.Civ.App., 277 S.W. 199; Central Texas Ice Co. v. Thomas, Tex.Com.App., 45 S.W. 2d 181, p. 183.

These conclusions require the reversal of the judgment, and a remanding of the cause.

Reversed and remanded.